BRYAN v. THE CITY OF DES MOINES.

1. **City Marshal**: FEES: ESTOPPEL. A city marshal, claiming and receiving a salary under an ordinance providing that such salary shall be full compensation for his services, is estopped to deny the authority of the city to pass such ordinance, and claim fees provided for under section 536 of the Code.

2. ———: REPEALING STATUTE. Section 491 of the Code, providing that the marshal's salary cannot be diminished during his term of office, is not repealed by chapter 56, Laws of 1878. DAY, J., *dissenting*.

3. ———: FEES. A city marshal is entitled, under section 536 of the Code, to receive only constable's fees in cases where constables' and sheriffs' fees differ.

*Appeal from Polk District Court.*

THURSDAY, SEPTEMBER 18.

ACTION to recover for fees and salary as city marshal. The petition contains four counts. The first is for fees for service of orders and notices; the second is for fees for service of process in State cases; the third is for fees for service of process in city cases; and the fourth is for a balance of salary claimed to be due under an ordinance in force at the commencement of the plaintiff's term of office. The questions presented were raised by answer and demurrer to the answer. The court allowed the plaintiff constables' fees in State cases; disallowed the plaintiff's claim for fees for service of orders and notices under the direction of city council, and for ser-

vice of process in city cases; and allowed the plaintiff's claim for balance of salary. Both parties appeal.

*Smith & Baylies*, for plaintiff.

*Bryan & Russell*, for defendant.

ADAMS, J.—I.  The claim for fees for service of orders and notices was disallowed, and on this the plaintiff assigns error.

1. CITY mar-  The claim was disallowed upon the ground that shal: fees: es-  under a certain ordinance of the city such fees toppel.  were not allowable.  The ordinance provided in substance that the marshal should receive *as full compensation* a salary of seventy-five dollars per month, and legal fees in State cases. The authority to pass the ordinance is predicated upon section 524 of the Code, which provides that the officers of cities shall receive such compensation and fees for their services as the council shall by ordinance prescribe.  Marshals' fees are, however, specifically provided for by a different statute (Code, § 536), and the plaintiff's claim is that while the council can add to the statutory fees a compensation by way of salary, it has no power to deprive him of such fees.  The plaintiff's position is plausible, but it is abundantly evident that the salary was graduated with reference to the provision contained in the same ordinance by which the salary is given, limiting the marshal's fees to fees in State cases.  The salary was given in part instead of the fees in question.  Such being the fact, we think that the plaintiff should not be allowed to accept the grant and ignore the restriction.  In claiming the benefit of the ordinance we think he has estopped himself from claiming it otherwise than on the terms and conditions of the ordinance.  In disallowing the plaintiff's claim for fees for service of notices and orders, we think there was no error; and if we are correct there was no error in disallowing the plaintiff's claim for fees for service of process in city cases.

II.  In the State cases the court allowed constables' fees.

The plaintiff complains because the court did not allow sheriffs' fees, and the defendant complains because it allowed any fees at all. The defendant's complaint demands first consideration. The defendant relies upon an ordinance passed after the commencement of the plaintiff's term of office, abolishing fees and giving a salary of sixty-six and two-thirds dollars per month, which amount had been paid. The right to pass such ordinance is predicated upon chapter 56 of the Laws of the Seventeenth General Assembly. The right to pass the ordinance the plaintiff does not deny, but he denies its applicability to him on the ground that it would contravene section 491 of the Code, which provides in substance that the marshal's salary cannot be diminished during his term of office. This position, we have to say, we think is well taken. This must be so unless section 491 is repealed. If it is repealed, it is by reason of section 3 of the said act of the Seventeenth General Assembly. That section provides for the repeal of all acts in conflict with that act. Now, while that act provides that cities of the first class may provide that all city officers shall receive a fixed salary in lieu of fees, we are not disposed to give the word *all* the force of including incumbents. It may have a proper force without such meaning. The intent of the act is to allow cities of the first class to change the compensation of officers from fees to salaries. We think this is all. Section 491 has a purpose entirely distinct. Its wisdom is in no way impeached by conceding the wisdom of the change which the act in question was designed to provide. Indeed, so manifest is the wisdom of the provision contained in section 491 of the Code, we should be unwilling to hold that it is repealed, if there is any reasonable way of escaping the conclusion, and we think there is. It appears to us, then, that the plaintiff is not affected by the act, nor by the ordinance passed in pursuance of it giving a salary in lieu of all fees, and it follows that the court did not err in allowing fees in State cases.

*2. ——: repealing statute.*

Bryan v. The City of Des Moines.

We come now to consider the plaintiff's complaint that the court erred in allowing only such fees as the statute gives to constables. The difficulty arises upon the construction of section 536 of the Code. It provides that city marshals shall receive the same fees as sheriffs and constables in similar cases. But sheriffs and constables do not always receive the same fees. If, in such cases, the marshal received the higher fee, he might be said to receive the same as both, because the higher includes the lower. But this thought, as a ground of construction, does not arise naturally enough to justify us in concluding that it was the thought of the Legislature. We are forced to say that the statute is not susceptible of a satisfactory construction. The plaintiff can recover only what the statute gives him. It cannot give the same fees as are given to sheriffs and constables, where sheriffs' and constables' fees differ. Strictly, therefore, in such cases the statute gives the marshal nothing. But it was evidently designed to give him something in all cases. We are not to adopt so strict a construction as to make the statute nugatory, if such construction can be avoided. Considering, then, that the plaintiff must recover something, and can only recover what the statute gives him, we arrive at the conclusion that where sheriffs' and constables' fees differ, he can recover only the lower. Constables' fees are the lower, and, in allowing them, we think the court did not err.

The court allowed the balance of salary as claimed under the old ordinance. In our opinion, as we have already indicated, the old ordinance and not the new one must govern, so far as the plaintiff is concerned. We see, then, no error, and the judgment of the Circuit Court must, upon both appeals, be

AFFIRMED.

DAY, J., *dissenting.*—I do not concur in so much of the foregoing opinion as holds that the ordinance of the defendant, passed March 25, 1878, after the plaintiff was elected

and qualified as marshal, fixing his compensation at eight hundred dollars per year, is not applicable to the plaintiff. I concede that under section 491 of the Code this ordinance cannot affect the compensation of the plaintiff, who was an incumbent of the office of marshal at the time the ordinance was passed. Before this ordinance was passed chapter 56, Laws Seventeenth General Assembly, was enacted and took effect by publication March 19, 1878. This chapter is as follows:

· "Section 1. That all cities of the first class organized under the general incorporation law, and all cities organized under special charter, may provide by ordinance that all judges of police courts or other city courts, city marshals, chiefs of police, police officers, and all other officers elected or appointed, shall receive, in lieu of all fees now allowed by law or ordinance, such fixed salary, in monthly or quarterly instalments, as may be provided by ordinance, when not provided by law, which salary, when it shall have been fixed, shall not be increased or diminished during their terms of office.

"Section 2. No such officer of any such city shall receive, for his own use, any fees or other compensation for his services, of such city, than that which shall be provided as contemplated in section 1 of this act; but all such fees as are now or may hereafter be allowed by law for such services shall, by such officer, when collected, be paid into the city treasury, at such time and in such manner as may be prescribed by ordinance.

· "Section 3. All acts and parts of acts in conflict herewith are hereby repealed; provided, that the intent of this act is not to abolish any fees now allowed by law, but to require the same to be paid into the city treasury."

Pursuant to this statute the ordinance in question was passed. I think this statute repeals section 491 of the Code, and authorizes cities to provide for the incumbents of city offices a fixed salary in lieu of the fees before authorized.

Section 524 of the Code provides: "The officers of cities

shall receive such compensation and fees for their services as the council shall, by ordinance, prescribe." Subject to the limitation imposed in section 491, that the emoluments of a city officer shall. not be increased or diminished during the term for which he shall have been elected, the city council might, by ordinance, provide that the officers of the city should receive a fixed salary in lieu of fees, or might diminish the amount of fees or salary to be received. In other words, the city council might, by ordinance, lessen the amount of fees or salary, or fix a prescribed salary instead of fees, and the ordinance would apply to any official whose term began after the passage of the ordinance. This could have been done under the law as it existed before chapter 56 of the Seventeenth General Assembly was enacted. Under the doctrine of the majority of the court no more can be done under said statute. In other words, according to the doctrine of. the majority opinion, no ordinance can be passed under this statute which will have the effect to lessen the compensation of an incumbent of a city office. It is plain that, if this construction be placed upon the statute in question, it authorizes nothing which might not have been done before it was enacted; it works no change in the existing law; it becomes a nugatory and a vain thing. We are not authorized so to construe a statute as to render its provisions a nullity. Chapter 56 of the Seventeenth General Assembly works some change upon section 491, or it does not. If it works no change it is meaningless and useless. If it works some change it is, to some extent, inconsistent with that section, and to that extent repeals it. In my opinion chapter 56 of the Seventeenth General Assembly authorizes the passage of an ordinance which shall apply to the plaintiff, and the ordinance in question does apply to him.

Section 45 of the Code provides: "In the construction of the statutes the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly, or repugnant to the context of the

statute: 1. The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced under or by virtue of the statute repealed." As I have endeavored to show, to hold this statute inapplicable to the plaintiff would render it a nullity. We cannot suppose that the Legislature intended to pass a statute which would have no effect. To give the statute such a construction as would deprive it of effect would be inconsistent with the manifest intent of the General Assembly. Hence, the rule of construction prescribed in subdivision 1, of § 45, cannot apply. Upon the defendant's appeal I think the judgment should be reversed.