## CHRIST v. THE CITY OF DES MOINES.

1. **City Marshal**: FEES: RECOVERY FROM CITY. *Bryan v. The City of Des Moines*, 51 Iowa, 590, followed. The fact that a city marshal paid fees collected by him into the city treasury in compliance with an ordinance, under protest, and with the claim that he was entitled to retain the same, will not entitle him to recover them from the city when they were in fact in excess of those authorized by law to be collected.

*Appeal from Polk Circuit Court.*

THURSDAY, MARCH 18.

THIS is an agreed case, the object of which is to have determined whether or not the plaintiff is entitled to recover certain fees which he as marshal of the city claims to be entitled to; judgment was rendered for the defendant and the plaintiff appeals.

*Parsons & Runnells*, for appellant.

*Bryan & Bryan*, for appellee.

SEEVERS, J.—The precise questions presented in this case were determined adversely to the appellant in *Bryan v. The City of Des Moines*, 51 Iowa, 590. In an able argument counsel for appellant question the correctness of our former decision. A careful consideration of all that has been said, and further reflection, confirms the conviction that the Bryan case was correctly determined. It, therefore, follows that this case must be affirmed unless there is a distinction in principle between the two cases. This is claimed, and we shall briefly inquire whether it in fact exists.

It is insisted that the plaintiff not only earned the fees sought to be recovered, but that he collected and paid the same to the city, under protest, while Bryan only earned the fees he sought to recover. Conceding this to be true, we think this is a distinction without a difference. The only question is whether the money sought to be recovered legally belonged to the plaintiff. It was expressly held in the Bryan case it did not. Now the fact of collection and payment under protest cannot in the nature of things have any bearing on the question of right. It is not the collection and payment under protest that gives the plaintiff a right to the fees, but such right must be determined under the statute and ordinance of the city. If the money in question as a matter of law belonged to the plaintiff, it mattered not how it got into the city treasury, unless, perhaps, it was voluntarily paid or placed therein by the plaintiff. The payment under protest, however, will be regarded as involuntary. If the fees had been retained by the plaintiff, it is possible the city could not have recovered the amount thereof of him. This would depend on the question whether the city was rightly entitled thereto. So, having paid the money into the city treasury, the plaintiff cannot recover it back unless it in fact and as a matter of law belonged to him.

It is said this case is distinguishable from the Bryan case because, while the plaintiff received the salary provided by the ordinance, he did so under protest and claimed he was

1. CITY MARSHAL: fees: recovery from city.

entitled to the fees, while Bryan received the salary without dissent. The plaintiff did not in fact receive the salary under protest, but he claimed he was entitled to the fees, whether in addition to the salary does not distinctly appear. But be this as it may, the question as to how the plaintiff received the salary in no manner affects the question of his legal right to the fees. If he had refused to receive any portion of the salary, such fact would have no bearing on the question of his lawful right to the fees. His right must be determined under the statute and ordinances, and while what he did might under some circumstances prejudice him, his conduct could in no manner prejudicially affect the city.

The result is, the judgment of the Circuit Court is

AFFIRMED.