### Phelps *v*. Pierson.

In equity, when the bill sets out and seeks to enforce a usurious contract, it is not necessary for the defendant to plead the usury in order to prevent a decree for the usurious portions of the contract.

Before a debtor can secure aid in chancery to avoid usury in a contract, he should tender to his creditor the principal and legal interest.

A creditor, before seeking to obtain a decree upon a bill disclosing usury, should allege therein a willingness to abandon the usurious portion of the contract; otherwise a demurrer to the bill should be sustained.

Appeal *in Chancery, from Van Buren District Court.*

*A. Hall*, for the appellant. This is a petition in chancery, to foreclose a mortgage upon a usurious contract, appearing so upon its face. It sets forth a loan of $98; an agreement to pay a conveyance fee of $2; and the execution of a note by defendant for $125, payable in one year; and seeks a recovery or decree for the full amount.

To this bill there is a special demurrer, which the court below overruled, and gave judgment for the $98 loaned, the $2 conveyance fee, and interest at the rate of 25 per cent. till the time of judgment, amounting to $150,64, and a decree of interest upon the principal, conveyancing, and usury.

The mortgage was executed on the 12th of October, 1842. The statute of 1838, regulating interest, was then in force. The second section of this statute forbids the taking of more than six per cent. interest, unless the contract is in writing, and then not more than twenty per cent.

The third section creates a forfeiture of the usury, and twenty-five per cent. interest upon the amount due, upon any person who shall take, accept, or receive in any way more than twenty per centum per annum.

In this case we make the following points:

If there was no plea, answer, or demurrer in this case, the court should reverse it, from the fact that judgment was given for usury in the contract as set forth in the bill, and for usurious interest, after the amount becomes due, and for interest upon the usury after due.

The plaintiff, before he can ask equity, must first do equity; his bill should pray for the repayment of the sum of $98, the amount loaned, with legal interest; for the court should not take notice of an illegal contract in equity, unless the party abandons his illegal act, and comes into court with clean hands.

The difference between courts of equity and law, in that particular, we believe to be this : That in law, a man may seek to recover the world, and if a penny is found his due, he may have judgment for his penny.

But true equity as administered by our courts, means : That he who seeks equitable aid from the error of a general rule, must himself be worthy of that aid; that his acts in the case where aid is sought, must be honest and right, and he must seek right only. If his prayer is manifestly unjust and illegal, and the foundation of his prayer the same, a court of chancery should not pollute their records with a decree in his favor, even for the right, which it may seem that he hath; but will direct him by decree to abandon his illegal contract and sue for the original consideration; we cite, Story's Equity, 300; 5 John. Ch. R., 142, 143, 144; 2 Peters, 538; 4 Paige, Ch. Rep., 533; 4 Peters, 205; 1 Paige, Ch. Rep., 544; 11 Wheat., 305; 6 Cranch, 252; Laws of 1838, p. 276, § 2 and 3.

At law, it perhaps would have been necessary to plead usury; but in chancery, this decree is bad if taken by default or demurrer.

*Wright* and *Knapp,* for the respondent. In this case it is conceded that the bill sets forth a contract where more interest was contracted for than is allowed to be taken by the statute of Iowa existing at the time. For this cause a demurrer was filed to the bill, and overruled by the court; which overruling is the error assigned.

Usury can only be taken advantage of by plea. 2 Stewart, 420; Chitty on Con., 711; 1 Saunders, 295.

" Under a usury law which does not avoid the securities,

Phelps v. Pierson.

but only forbids the taking a greater interest than six per centum per annum, a court of equity will not refuse its aid to recover the principal." *De Wolf* v. *Johnson*, 10 Wheaton, 367 ; 2 Bar. and Har. Dig., 107.

The defence of usury cannot be recognized unless on plea ; and the demurrer was correctly overruled.   4 Paige, 533 ; Chitt. on Con., 711.

What is the prayer of the complainant? It is that " an account may be taken of what is due him for his principal and interest."

What was that? Why, the bill being taken as confessed, it was what appeared by the face of the papers.   No plea, no answer ; and on demurrer the court could not inquire farther. But . this court can enter such judgment as the court below should have done.  Laws of 1844, p. 9, § 31.  When a demurrer may be filed.  1 Chan. Prac., 201—205.

*Opinion by* KINNEY, J.   It appears from the record in this case, that at the September term of the district court of Van Buren county, 1844, William Phelps, as complainant, filed in the office of the clerk of said court a bill in chancery, against James Pierson and wife, to foreclose a mortgage upon the north-east quarter of the south-west quarter of section No. 22, in township No. 68, north of range ten, west of the fifth principal meridian.

The bill represents that on the 12th day of October, 1842, complainant loaned to said respondent, Pierson, the sum of ninety-eight dollars in cash, and paid for him by agreement the sum of two dollars—a conveyancing fee ; in all, the sum of one hundred dollars ; to secure the payment of which, the said Pierson and wife executed unto the said William Phelps a deed, in fee simple, for the above described premises, subject nevertheless to a condition of defeasance, upon the payment of the sum of one hundred and twenty-five dollars in one year thereafter, the same being for the principal and interest at the rate of twenty-five per centum per annum.

The bill also sets forth that neither the said sum of one hun-

dred and twenty-five dollars, nor any part thereof, nor the said sum of one hundred dollars and interest thereon, at the rate aforesaid, was paid to orator at the time limited in that behalf, whereby the legal estate in said premises became vested in orator, &c.

The bill prays that an account may be taken of the amount due petitioner for his principal and interest in said mortgage, that the premises may be sold and the proceeds applied to the satisfaction of the said principal and interest, and such farther relief, &c.

To this petition the following demurrer was filed. And now comes the said. defendant, and says that the matters and things contained in the said complainant's bill are not sufficient for the said complainant to have or maintain his aforesaid action against him, assigning for cause of demurrer :

1. That the bill sets forth a usurious contract.

2. The bill does not show a general cause of equity, nor does it exhibit a special cause; but, on the contrary, assigns claims for decree upon a contract void in law for usury.

3. Said bill does not, upon its face, give complainant an equitable court for relief.

This demurrer was annulled by the court, and a decree *pro confesso* rendered against Pierson at the April term of said court, 1845, for the sum of one hundred and fifty dollars and eighty-four cents, being the amount reported to be due by the clerk who was appointed special commissioner to assess the damages. Whereupon an appeal to the supreme court was prayed for, and it appears in the court upon the following assignment of errors :

1. The bill sets forth a usurious contract upon its face, and seeks a decree for such usury.

2. The bill sets forth a loan of ninety-eight dollars, and a mortgage executed for the sum of one hundred and twenty-five dollars, payable in one year.

3. The court erred in rendering a decree upon a contract usurious upon its face.

4. The court erred in ordering a decreé for the usury in addition to the sum loaned with the legal interest.

5. The court erred in overruling the demurrer filed in the cause.

It is conceded by counsel for the appellant, that the bill sets forth a usurious contract, but that the defendant below could only take advantage of it by plea.

And the appellant asks this court, if they shall find the contract to be usurious, and the decree below, under the state of the pleadings, erroneous, to render such a decree as the court below should have rendered, to wit: a decree for the principal with legal interest, disclaiming the decree below for the usurious portion of the contract.

The bill sets forth upon its face a contract clearly usurious, reserving twenty-five dollars for the use of one hundred for one year.

The law in force at the time the contract was made forbade the taking, directly or indirectly, a rate of interest exceeding twenty dollars for the use and forbearance of one hundred dollars for one year, and at that rate for a greater or less sum or a longer or shorter time. See Laws of 1838, p. 276, §§ 2 and 3. The bill, after setting out a usurious contract, prays that the premises may be sold to satisfy the said principal and interest. The prayer of the bill clearly is for a decree for that which is not only forbidden by law, but for a court of equity to lend its aid in sustaining and enforcing a contract tainted with corruption. The bill exhibits its own immorality —testifies to its own guilt, and seeks to make a court of chancery, that should be ever pure in its administration of justice, a tribunal by which illegality is to be consummated.

It is a settled principle in equity jurisprudence, that he who seeks equity must himself not only do equity, but be worthy of the aid he seeks; and as the bill in this case bears upon its face its own turpitude, we are led to the first inquiry made by the points submitted in this case, to wit, was it necessary for the defendant below to plead usury to prevent a decree upon an apparent usurious contract, and that too, when

the prayer of the bill sought to pollute the records with a decree for usury?

A plea was only necessary to bring to issue some matter of defence, or for the purpose of eliciting testimony to bear upon the point at issue. We are not prepared to say that a different rule ought not to obtain at law, where the declaration sets out a usurious contract, and that in such case a plea of usury would not be the better practice, but in equity where the party must come into court with clean hands, may not the bill be demurred to for want of equity? When the bill does not exhibit upon its face a usurious contract and does not pray for a decree for usury, the rule might be different; but even in those cases we find authorities justifying the presumption that a plea of usury would not be necessary, but in cases like the one under consideration in which the party does not abandon the usurious portion of the contract, nor bring himself within the pale of the principles of strict equity, would not a decree for usury, even where it was rendered *pro confesso* without the question of usury having been raised by demurrer, or otherwise be subject to a revisal in this court? From a careful consideration of all the authorities upon this subject within our reach, we are satisfied that this court, upon an appeal, could correct the decree of the court below.

It is now a well-settled doctrine, recognized by all the courts, that before a debtor can avail himself of the aid of a court of chancery to protect him from usury, and thereby avoid a usurious contract, he must tender to the creditor the principal and legal interest, and this is upon the principle that " he must consent to do what is just and equitable on his part, or the court will not assist him, but leave him to make his defence at law as well as he can." So, upon the other hand, we think it equally clear upon principles of equity jurisprudence, that before the creditor can obtain his decree, he must show in his bill a willingness to abandon the usurious portion of the contract, and only ask for a decree for the principal and legal interest. The converse of this would only tend to corrupt and pollute the administration of justice, and effectually prevent a .

court of equity from affording that relief which is its peculiar prerogative; upon the hypothesis then that the court would err in rendering a decree for usury, and that this court would correct the error, although the question might not have been raised below, we have no difficulty in coming to the conclusion, that when the usurious contract was made apparent by the bill, and the bill demurred to, that the court erred in rendering a decree for the usury claimed and set forth in the bill.

We have carefully examined the case of *Verner* v. *Dituas*, 4 Paige, 533, as also all the other authorities referred to by the counsel for appellee, in relation to the proper plea in cases of usury, and we are perfectly satisfied, that where the usury is apparent upon the face of the bill, and a decree for usury is prayed for, a demurrer to the bill will lie.

In relation to the general principles here laid down, see 5 John. Ch. R., 142, 143, 144; 2 Peters', 538; 4 Paige, Ch. R., 533; 1 Paige, Ch. R., 544; 6 Cranch., 252; 11 Wheat., 308. In the case of *Fanning* v. *Dunham*, 5 John. Ch. R., 141, the chancellor makes use of this significant language: " If a party, claiming under such usurious judgment or other security, resorts to this court to render his claim available, and the defendant sets up and establishes the charge of usury, the court will decide according to the letter of the statute, and deny all assistance, and set aside every security and instrument whatsoever infected with usury."

We are, therefore, of the opinion, that the court erred in overruling the defendant's demurrer, and rendering a decree for usury.

We think the plaintiff below, to avail himself of a decree, ought, in chancery, to have abandoned in his bill the usurious portion of the contract; he could then have obtained a decree for the principal and legal interest. *De Wolf* v. *Johnson*, 10 Wheat., 367. But, with the imperfections of the bill, the party cannot expect the aid of this court in rendering such a decree as the court below ought to have rendered.

Decree reversed.