## THE TOWN OF DECORAH v. DUNSTAN BROS.

1. **Municipal corporations**: REPEAL OF ORDINANCE: AMENDMENT. When the legislative authority of an incorporated town amends an ordinance by enacting an entire section which embraces and reviews the whole subject matter of a section in an existing ordinance, a clear implication arises of a legislative intention that the former shall repeal and take the place of the latter.

2. ———: ———: ———. Under Section 1122, Revision of 1860, when a section of an ordinance is amended, the section only, and not the entire ordinance in which it is contained, need be set out.

3. ———: POWERS: LICENSE: HOW GRANTED. Where an incorporated town had the power to regulate and license auction sales, etc., and to pass all ordinances necessary to exercise that power, an ordinance authorizing the Mayor to fix the amount of the license within a specified sum was *held* not invalid.

*Appeal from Winneshiek District Court.*

THURSDAY, MARCH 19.

THIS action was brought to recover a penalty prescribed by an ordinance of the town of Decorah for the sale of goods at auction by non-residents within said town, without first obtaining a license therefor. The defendants, for answer, set up that they were duly licensed; and further, that the ordinance was obtained by fraud, was not duly passed or put in force, was in conflict with the constitution, and was void as being unreasonable, in restraint of trade, and as tending to prohibit, rather than license transient merchants. There was a jury trial; verdict and judgment for the plaintiff. The defendants appeal. The further facts are stated in the opinion.

*Levi Bullis*, for appellants.

*C. Wellington*, for appellee.

COLE, J.—I. Upon the trial the plaintiff introduced in evidence the charter of The Town of Decorah, and also an amendment thereto; and then offered in evidence an ordinance of said town adopted August 7, 1866, and also an amendment

to it, adopted December 12, 1870. The defendant objected to the admitting of these ordinances in evidence, and specified thirteen grounds of objection. These involve the validity of the ordinances, and the time of the taking of the amendment, and may all be disposed of under one head.

There are four suits for penalties incurred on successive days, the first being on December 14, 1870, and whether the amended ordinance had taken effect at that time, it having been adopted on December 12, 1870, is one of the material questions in the case, and under this head. The original charter provided as follows:

" Sec. 12. The enacting clause of every by-law, ordinance, or regulation passed by the legislative authority of said town shall be: ' Be it ordained by the president and board of trustees of the Town of Decorah,' and every such by-law, ordinance, or regulation shall name the time at which the same shall take effect, which time shall not be less than fifteen days after its passage, and, prior to such time, the same shall be recorded with the date of its indorsement, in a book kept for that purpose, and such record shall be subscribed by the president and attested by the secretary; nor shall the same then take effect unless, at least one week previous to the time named therefor, the same shall have been promulgated by publication in a newspaper printed in said town, or by posting copies thereof in three public places within the limits thereof."

The amended charter provides as follows:

" Sec. 12. The enacting clause of every by-law or ordinance passed by the legislative authority of said town shall be: ' Be it ordained by the council of the Town of Decorah,' and every such by-law or ordinance shall, as soon as may be after its passage, be recorded in a book kept for that purpose, and be authenticated by the signature of the presiding officer of the council, and a recorder; and all by-laws of a general or permanent nature, and those imposing any fine or penalty, shall be published in some newspaper of general circulation in the corporation, and it shall be deemed a sufficient defense to any suit or prosecution for such fine or penalty, to show that no such publication was made."

The precise point made hereon by appellants' counsel is, that Section 12, of the amended charter, does not repeal the corres-

1. MUNICIPAL CORPORA-TIONS: repeal of ordinance amendment.

ponding section of the original charter, and that therefore the amended ordinance had not and could not have taken effect at the time the alleged penalties were incurred, since all are alleged to have been incurred within less than fifteen days from the adoption of the amended ordinance. But we hold, that while repeals by implication are not favored, yet since section twelve of the amended charter embraces and revises the whole subject matter of that section in the original charter, there arises a clear implication of the legislative intent, that the former shall take the place of, and repeal the latter.

Under this same general head it is further urged that the amended ordinance is invalid, because of the manner of its

2. ———: ———. ———.

enactment. By our general municipal incorporations act, Rev. 1860, § 1122, it is provided that, "no by-law, or ordinance or section thereof shall be reviewed or amended, unless the new by-law or ordinance contain the entire by-law, or ordinance, or section reviewed or amended." The original ordinance was numbered twenty-nine, and contained three sections—the first prohibited non-resident persons from selling at auction or by gift enterprise, directly or indirectly any goods, etc., without first having obtained a license therefor; the second fixed the license fee at five dollars for the first day, and two dollars for each subsequent day; and the third section fixed a penalty of ten dollars per day for violating the ordinance. The amended ordinance enacted "that section two of ordinance number twenty-nine of the ordinances of said town, be and the same is hereby amended so as to read as follows;" and then re-enacted the entire section, and fixed the fee for the license at not exceeding twenty dollars for the first, and twenty dollars per day for each subsequent day; and then, also, in the same manner, re-enacted the third section entire, making the penalty for violation, twenty dollars per day. We hold this was a compliance with the terms of Rev. 1860, § 1122 above quoted, for that only requires the amendment to contain the entire *ordinance* when the entire ordinance is

reviewed or amended; and when a section is amended then that section only need be contained entire in the amendment.

II.  By chapter ninety-seven of the laws of 1862, it was enacted, "that all cities, towns and villages now or hereafter incorporated under the laws of this state, shall, in addition to the powers heretofore on them conferred, have power to regulate and license the sale by auctioneers and transient merchants, of property within their corporate limits, and to pass all ordinances necessary to exercise the authority herein granted." * * * * * * *. It is now insisted, by appellant's counsel, that this amended ordinance is invalid, for that it is not definite in the amount required to be paid for the license.  The amended ordinance says that the fee therefor "shall not exceed twenty dollars for the first day of such license, and twenty dollars per day for each subsequent day included in such license." It will be observed, that by the statute above quoted, a *general* power to regulate and license the sale by auctioneers, etc.," is given to the plaintiff and other towns and cities; and also " to pass all ordinances necessary to exercise the authority granted."  In this particular, it is different from the power given the city of Schenectady and involved in the case of *Thompson v. Schemerhorn*, 6 N. Y. R., 92, where it was held, that since the power was given the city council to pave the streets " in such manner as they might prescribe," they could not delegate to the city superintendent the power to prescribe the manner of doing the work.  Nor, is this case, in that regard, like the case of *Clark v. Washington*, 12 Wheat., 40; or the case of *East St. Louis v. Wehmarg*, 50 Ills., 28.  We do not see, either upon authority or principle, any valid objection to the amended ordinance, under the general power above given, whether we construe it as fixing the fee at twenty dollars, or as leaving it for the mayor to determine and fix a less sum where the amount to be sold or other cause shall justify it.  *The City of Burlington v. The Putnam Ins. Co.*, 31 Iowa, 102.  Nor do we regard it as being in restraint of trade, or unreasonable or oppressive.  *The State, for the use, etc. v. Herod*, 29 Iowa,

*[margin note:]* 3. ——: powers: license: how granted.

123. The jury must have found that the defendant had not obtained a license, and this finding cannot be disturbed.

AFFIRMED.