Morrison v. Miller.

MORRISON v. MILLER ET AL.

1. **Pleading**: DEMURRER: AMENDMENT. A demurrer is a pleading within the meaning of section 2689 of the Code, and may be amended like any other pleading.

2. **Usury**: TENDER OF INTEREST. It is not necessary for a party seeking equitable relief from a usurious contract to show that he has tendered legal interest in addition to the principal of his debt.

3. ———: FORM OF RELIEF: PRACTICE. Usury may not only be pleaded as a defense, but also may be made the basis of original and affirmative relief.

*Appeal from Floyd Circuit Court.*

WEDNESDAY, JUNE 6.

It is alleged in the petition that the defendant, A. D. Fluent, executed and delivered to the plaintiff his promissory notes and mortgage for the sum of $1,500. That the mortgage and the notes were given for the purchase money of the mortgaged real estate. That afterwards the plaintiff borrowed of the defendant, Miller, the sum of $1,350, for which he gave his promissory notes for $1,500, with interest at ten per cent per annum, and that said notes were usurious to the extent of $150. That to secure the payment of the last mentioned notes, plaintiff delivered to said Miller the notes and mort-

gage against Fluent as collateral security. That defendant, Miller, has from time to time collected certain sums from said Fluent on his notes, but to what amount plaintiff cannot state. On the 14th day of December, 1875, plaintiff made a demand in writing upon the defendant, Miller, for the surrender of all of said notes to him, together with an offer in writing to pay whatever sums might be found due after deducting the amount paid by Fluent, from the $1,350 owing by plaintiff, which offer defendants refused to accept. That prior to the 14th day of December, 1875, plaintiff notified said Fluent that the notes given by plaintiff to Miller were usurious, and that only $1,350 was due thereon, without interest, and forbidding him to pay anything more on said notes. That afterwards all of the defendants entered into a fraudulent combination to cheat the plaintiff, by which Fluent pretended to pay the entire amount of $1,500, with interest, to the other defendants, and the other defendants entered satisfaction of record of the mortgage held as collateral security, and Fluent executed to some unknown person another mortgage upon the same land. The prayer of the petition is that plaintiff may have judgment against Fluent for the amount found due on said notes to plaintiff; that the satisfaction of his mortgage be set aside, and that the same be foreclosed, and for other relief.

To this petition there was a demurrer, consisting of two grounds or causes, as follows: 1. "That the petition sets out facts which avoid the cause of action." 2. "That it does not set out facts sufficient to constitute a cause of action."

Afterwards, and before the hearing on the demurrer, defendants amended the same by adding thereto the following: 3. "That the facts stated in the petition do not entitle the plaintiff to the relief demanded."

The demurrer was sustained on the third ground, and overruled as to the first and second grounds or causes. The plaintiff excepted, and the petition was dismissed. Plaintiff appeals.

*S. P. Leland*, for appellant.

*Hand & Spriggs* and *Pratt & Root*, for appellees.

ROTHROCK, J. — I.   A question is made as to the right of the defendants to amend the demurrer.   The Code, Sec. 2645,

1. PLEADING: classes a demurrer as a pleading in an action, and demurrer: amendment. Sec. 2689 permits amendments to any *pleadings* or proceedings.   There was no error in allowing the amendment to be made.

II.   It is urged in support of the demurrer that the plaintiff should have tendered six per cent per annum interest in

2. USURY: tender of interest. addition to the principal sum, in order to entitle him to invoke the aid of a court of equity.   Such seems to be the rule in New York.   *Fanning v. Dunham*, 5 John. Chan., 122.   The statute of New York, however, provides that no recovery whatever can be had upon a usurious loan — the whole debt, principal and interest, is forfeited. There is reason for holding that a party who seeks the aid of a court of equity to relieve him from the consequences of a usurious contract should not be allowed to retain all that he has received upon the contract.   Our statute forfeits only the interest contracted to be paid, but requires the court to render a judgment against the borrower for ten per cent per annum interest in favor of the school fund.   Code, Sec. 2080.   If the borrower should be required to pay, in addition to this, six per cent per annum interest, he would pay sixteen per cent.   We do not think that equity requires the payment of this sum, but rather that it would be a practical nullification of the usury law to require it.   Equity should follow the law, and we see no reason why a party should be required to pay more or less, depending upon the forum, or form of action in which he seeks relief from the enforcement of the illegal contract.

We are cited to the case of *Phelps v. Pierson*, 1 Greene, 121, as sustaining the position that the tender should include interest.   What is there stated as favorable to that view must be considered as the judgment of the writer of the opinion only, as the question now under consideration was not made, and the doctrine contended for was in no sense necessary to a determination of the case.

It may further be observed that the law then in force forbid the taking of more than twenty per cent interest, and created

a forfeiture of the usury and twenty-five per cent interest on the amount due. Laws of 1838, p. 276, Secs. 2 and 3. It did not, like the present law, require the borrower to pay ten per cent per annum to the school fund in addition to the principal. In *Hayward v. Munger*, 14 Iowa, 516, the correctness of such a rule is questioned, and the court says: "We are not aware of any case decided by this court which recognizes the right to such interest." It is evident, therefore, that the case of *Phelps v. Pierson, supra*, was not regarded as having determined the question.

III. It is next urged that under Sec. 2080 of the Code usury can only be taken advantage of by a defense to an action, and cannot be set up as a basis for original affirm-

2. ———: form of relief: practice.

ative relief. We do not believe that the statute should receive any such narrow construction as to hold that the use of the words plaintiff and defendant, as designating the lender and borrower, should preclude all investigation into the character of the contract of loan, only in cases where parties appear before the court in a particular attitude. And the same may be said as to the duty of the court to render the judgment in favor of the school fund without regard to the form of action.

IV. The petition distinctly avers the usury, and the tender and offer to pay all that the law required plaintiff should pay. It avers that notice was given to Fluent not to make further payments. It is further averred that the defendants combined together, and, disregarding the notice, pretended to discharge the whole amount, with interest, and entered satisfaction of the mortgage. Admitting these averments to be true, we think the Circuit Court erroneously sustained the demurrer.

REVERSED.