J. A. BRADLEY, Appellant, v. THE CITY OF CENTERVILLE, Appellee.

Municipal corporations:  PUBLIC WAYS:   VACATION:   RE-ESTABLISH-
1   MENT.  When a public alley has been regularly vacated by a city it has no jurisdiction to order that the same shall be paved and to levy special assessments to pay the cost thereof, unless there has been a re-establishment of the same as a public way, either by ordinance or resolution of the council, or by prescription; continued use by the public and subsequent proceedings ordering its pavement are not sufficient to effect a rededication.

**Same:** SPECIAL ASSESSMENTS: ESTOPPEL. Where a city council is without jurisdiction to order the paving of a public way it's act in so doing is void *ab initio;* and an abutting property owner is not estopped to assert the invalidity of a special assessment to meet the cost of the same, because a resident of the city and with knowledge of proceedings ordering the improvement he made no objection until the attempted assessment.

**Same:** In a proceeding involving the authority of a city to levy a special assessment to pay the cost of paving an alley which had been legally vacated, the city cannot urge the invalidity of the ordinance on the ground that a street railway company had acquired a prior right to occupy the alley and hence its rights were interfered with by the vacation, where the railway company was not in court asserting any right inconsistent with the ordinance.

*Appeal from Appanoose District Court.*— HON. M. A. ROBERTS, Judge.

FRIDAY, OCTOBER 23, 1908.

THE opinion states the case.— *Reversed.*

*Frank S. Payne,* for appellant.

*J. M. Wilson,* for appellee.

WEAVER, J.— The record discloses the following facts: The original plat of the town of Centerville provided an alley twenty feet in width between lots eight and nine, in block No. four. This alley appears to have been recognized and used as a public way until about August 29, 1902, on which date the city council by ordinance apparently duly and formally enacted declared the same vacated. There is evidence tending to show that, at the time of this vacation, a post-office building was about to be erected by the United States government in said city, and there was a movement by some of the people of the place to secure its

location upon said block four.    To facilitate the accomplishment of that purpose, and to afford a site of sufficient size to comply with the requirements for such location, it was thought necessary or proper to vacate the alley.    It is probably true that this was the consideration which induced the passage of the vacating ordinance, but there is nothing in the ordinance itself or in the official record of the proceedings leading to its passage to indicate that fact, and it is brought into the record of this trial only by the testimony of witnesses who speak from their recollection of the circumstances.    The proposition to locate the post-office on block four was not accepted, and the building was erected elsewhere.    Thereupon the city took no steps to re-establish the alley, but the same remained open to public use substantially as it had been before the vacation.

On June 12, 1905, the city council, after the usual notice by publication, adopted a " resolution of necessity " for paving certain streets and alleys, including therein the alley in question.    The plaintiff, who is a resident of Centerville and owner of a part of the property abutting upon said alley, did not appear when said resolution came up for final consideration or make known any objection thereto, nor did he object to the work of paving while the same was in progress.    The pavement having been completed, a special assessment was laid upon plaintiff's property for its alleged proportion of the cost of the improvement, including the pavement of the alley together with pavement of the street fronting upon said property; said assessment for both alley and street being computed and stated in a single sum.    At the meeting of the council called to consider objections to the special assessments for the cost of said paving, the plaintiff appeared and objected thereto on the ground that the alley had been vacated, and the council had, therefore, no authority to order said space paved or to assess or charge the plaintiff's property with any part of the cost or expense thus incurred.    This objection being overruled, the assessment

was confirmed, and plaintiff appealed therefrom to the district court, where the city filed a paper denominated an " answer," pleading the regularity and legality of said assessment, and alleging that by his failure to appear and object to the proceedings when the resolution of necessity was under consideration, and by knowingly permitting the construction of the improvement without objection or protest, plaintiff is estopped to deny his obligation to pay therefor. The trial court found for the defendant, and permitted the special assessment to stand. The plaintiff appeals.

I. The judgment of the district court is sought to be upheld by denying that the ordinance of August 12, 1902, had the effect to vacate the alley. It is not denied that the ordinance was regularly passed and properly published, but it is argued that as no change was ever made in the occupation of the alley, but the same remained open and unobstructed to public use the same as before the passage of the ordinance, no vacation was in fact ever effected, and it was competent for the city to continue to treat the alley as a public way, and to order the pavement of the same at the expense of the abutting property. By the statute cities have power to vacate alleys. Code, section 751. This provision has been construed as authorizing a city council to make such vacation by the passage of an ordinance ordering the same even without notice to the abutting owners. *Dempsey v. Burlington,* 66 Iowa, 687. So far as appears, no property owner affected by such vacation made objection or protest against the enactment of such ordinance, nor is any such person now asserting its invalidity. The jurisdiction and power of the city, acting by its council, to vacate the alley, being conceded, and the regularity of the proceedings by which the ordinance was enacted not being questioned, it follows of necessity that, when said ordinance was published and went into effect, the alley ceased to be a public way, and, if thereafter it continued open to the use of the public, it

1. MUNICIPAL CORPORATIONS: public ways: vacation: re-establishment.

was a matter of sufferance only. It is manifest that suffi-. cient time has not elapsed to re-establish such way as a street or alley by prescription. There is no claim that the city has attempted to re-establish it by ordinance or by statutory proceedings of any kind. But it is argued that, if the vacating ordinance must be held to have had any effect, it must also be held that the act of the city in permitting the continued public use of the alley and the subsequent proceedings by which its pavement as a public way was ordered operated to repeal such ordinance, or at least to effect a rededication of such way as a public alley. No authority is cited, and we think none can be found, in support of the proposition that a city ordinance regularly and formally adopted may be repealed otherwise than by another ordinance duly enacted. And a mere repeal of the ordinance of vacation could have no effect to re-establish the alley. That could be accomplished only by following the statutory method (Code, section 751, 880), or by prescription or by dedication.

As we have already noted, there is and can be no claim of prescription in this case. There has been no attempt to establish it by ordinance. Assuming that the effect of the ordinance was to place or rather to leave the title to the land in the city, and that the city, if so disposed, could re-establish the alley by dedication or otherwise, is the mere act of ordering its pavement at the expense of property such a dedication? We are of the opinion that this question must be answered in the negative. The Legislature in its wisdom has provided that no street, highway, or alley which shall be dedicated to public use in any municipal corporation shall be deemed a public street, highway, or alley, "unless the dedication shall be accepted and confirmed by an ordinance or resolution specially passed for such purpose." Code, section 751. It is true, of course, that the primary purpose of the restriction is to prevent persons owning lands within cities and towns from casting upon the municipality the burden and obligation of caring for streets and public ways

for which there is no present necessity; but we think it is no unreasonable extension of the spirit and purpose of the statute to say that to dedicate its own property to use as a street or alley the city must do it by ordinance or appropriate resolution directed to that end. The establishment of such a public way calls for the exercise of the legislative powers conferred upon the city, and it is a familiar rule that this power must be exercised by ordinance or resolution. *Baltimore v. Porter,* 18 Md. 284, (79 Am. Dec. 686.) · We see, therefore, no way to avoid the conclusion that the so-called alley in controversy was not a public way, and that the act of the council in ordering its pavement at the expense of the abutting property owners was without authority of law.

II. Is the plaintiff as the owner of property sought to be subjected to special assessment for said pavement estopped to assert its invalidity? The plea of estoppel is based solely upon the fact that being a resi-

2. SAME: special assessments: estoppel.

dent of the city, and having knowledge of the council proceedings ordering the improvement in question, he did not object or protest against it until notified of the special assessment upon his property. The question is not an open one under the repeated decisions of this court. The council being wholly without power to order the paving of the alley at the expense of the abutting property, its proceedings for that purpose were without jurisdiction, and void *ab initio.* Under such circumstances, the property owner is not bound to stand in the way, and protest at each step, in order to successfully resist the tax. *Starr v. Burlington,* 45 Iowa, 87; *Coggeshall v. Des Moines,* 78 Iowa, 241.

III. It appears in evidence that, prior to the passage of the vacating ordinance, a street railway company had obtained the right to lay its track in the alley, and that its track had in fact been laid along some part of

3. SAME.

the way. It is argued, therefore, that the ordinance is void as in some way affecting the vested right

of the company. It is sufficient to say that the railway company is not in court, and, so far as we know, is not asserting any right inconsistent with the ordinance. The alley may have been vacated with its full consent, but, if otherwise, the rights of the company are not to be adjudicated in this proceeding. The authority to pave at the expense of abutting property is expressly limited to the pavement of streets, highways, avenues and alleys, and, the alleged alley here in dispute being neither, the special assessment laid upon the plaintiff's property for that purpose must be held invalid. This holding is not to be construed as denying the power or authority of the city by its council to make special assessments upon the plaintiff's property for its proportionate share of the cost or expense incurred in paving the street or streets upon which said property abuts. The assessment as made not distinguishing or separating the item of cost of paving the alleged alley, but, including the same in bulk with the cost of paving the street, this court is unable to ascertain or adjust the correct amount which appellant may properly be held liable to pay. The statute (Code, sections 836, 837) provides a method for the correction of irregular and defective levies of special assessments, and the decision of the questions presented by this appeal is not intended to determine or adjudicate the rights of the parties in proceedings of the kind there authorized. For reasons above stated, the judgment of the district court is reversed, and the cause remanded for further proceedings in harmony with this opinion.— *Reversed.*