W. F. ROCHO, Appellant, v. BOONE ELECTRIC COMPANY, a Corporation, and the CITY OF BOONE, IOWA, Appellees.

**Municipal corporations: ORDINANCES: AMENDMENT.** A city ordinance or section thereof cannot be amended unless the new ordinance or section contains the entire matter in its amended form; the intent of the statute being that the new section shall be complete in itself, and the former ordinance or section clearly repealed, so that confusion shall be avoided.

**Same.** The revision and re-enactment of an amending ordinance, which was invalid because not containing the entire section as amended, cannot be rendered valid by incorporating it in a revision of the ordinance in its original invalid form.

**Same:** STREET GRADES: ESTOPPEL. Where the plaintiff and a street
railway company made improvements in accordance with the
grade pointed out to them by the city engineer, and which were
in conformity with an invalid ordinance, the plaintiff was in no
position to urge in an action to restrain the city and the railway
company from maintaining the railroad at a different grade, that
the city was estopped to deny the grade as given him; as a sim-
ilar and conflicting estoppel existed in favor of the railway com-
pany.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

TUESDAY, MARCH 13, 1913.

THIS is an injunction proceeding brought by the plaintiff
to challenge the correctness of the grade at which the defend-
ant Electric Company maintains its street car tracks upon
Tama street in front of plaintiff's property in Boone. Upon
trial there was a decree dismissing the petition, and plaintiff
has appealed.—*Affirmed.*

*F. W. Ganoe,* for appellant.

*John A. Hull,* for appellee, Boone Electric Co.

*J. J. Snell,* for appellee, City of Boone.

EVANS, J.—The plaintiff owned a boiler shop located
upon the west side of Tama street. He has occupied the same
since 1899. By permission of an ordinance of the city of
Boone, the Boone Electric Company laid a street car track
along the center line of Tama street. The ordinance permit-
ting the same required that the track be laid at the established
grade. It is the contention of the plaintiff that the track
has been laid at an elevation much higher than the established
grade, and that it interferes with the ingress and egress of
plaintiff's property. On the contrary, it is the contention of
the Electric Company that it has laid its tracks in accordance

with the established grade as it was required by ordinance to do. The controversy turns upon the validity of certain amending ordinances. The grade was originally established for this street along its center line by section twenty of Ordinance No. 167. This controversy involves only that portion of the street extending from Seventh street to Eighth street. The ordinance fixed the grade at twenty-eight feet above *datum* line at Eighth street and at twenty-nine and thirty-five-hundredths feet at Seventh street. The grade adopted by the Electric Company is in substantial accord with these figures.

I. The appellant relies upon a certain amending ordinance known as No. 239, which is as follows:

An ordinance amending Ordinance 167 and revising the grade on Tama street between Seventh and Eighth streets. Be it ordained by the city council of the city of Boone, Iowa:

Section 1. That section 20 of Ordinance No. 167, relating to street grades and passed May 23d, 1894, be amended by adding thereto the following: Elevation above *datum* line on the west side of Tama street at a point one hundred and sixty feet south of the south line of Eighth street twenty-six thirty-five, and on the east side of Tama street at a point one hundred feet south of the south line of Eighth street twenty-six fifty. Approved March 22d, 1899.

It is the contention of the appellee, however, that Ordinance No. 239 was wholly invalid for failure to comply with the requirements of section 681 of the Code, and, further, that the amendment therein attempted had reference only to the sides of the street, and not to its center. The trial court held that this amending Ordinance 239 was invalid. We give our first consideration to this question. Section 681, above referred to, is as follows: "No ordinance shall contain more than one subject, which shall be clearly expressed in its title; and no ordinance or section thereof shall be revised or amended unless the new ordinance contain the entire ordi-

1. Municipal
corporations:
ordinances:
amendment.

nance or section revised or amended and the former ordinance or section shall be repealed.'' It is clearly provided in this section that no ordinance or section can be revised or amended unless the new ordinance or section contain the entire section in its amended form. The intent is that the amending ordinance or section shall be complete in itself, and that the former ordinance or section shall be repealed. The purpose of this statute is to avoid the confusion and the frequent contradiction which results from amendments which purport to add to or take from an existing ordinance mere words or phrases. We think the trial court properly held that Ordinance No. 239 is invalid as being in contravention of the quoted statute.

However, it is made to appear that in 1901 the city of Boone revised its ordinances, and its city council ''adopted''

2. SAME.

such ordinances in book form, and duly published the same as such. These ordinances were further revised and again ''adopted'' and published in book form in 1903. These adopting ordinances are known as No. 277 and No. 351. It is urged by appellant that these revisions and the adopting amendments 277 and 351 gave validity to the amendment attempted by Ordinance No. 239. The action of the city council was had in each case in pursuance of section 687 of Code. This section does not contemplate a re-enactment of the ordinances, but only a compilation and a method of proof. *Gallaher v. Jefferson,* 125 Iowa, 328. Ordinance 167, section 20, and the amending Ordinance 239, are included in each revision in their original form, and not otherwise. The invalidity of Ordinance 239 inheres in its defect of form, and not in any defect of procedure as for failure to record votes or to publish. If the first enactment was invalid because of such defect of form, subsequent enactments could add nothing to its validity while such defect of form continues.

II. The city of Boone was made a party defendant. The evidence tends to show that the city engineer pointed

out the grade to the plaintiff in 1899 in accord with the attempted amendment ordinance No. 239.

**3. SAME: street grades: estoppel.** The plaintiff built a shop to conform with such supposed grade. He now urges that the city is estopped from claiming any other grade. But the Electric Company also laid its track in reliance upon information from the same source and in reliance upon the ordinance. If an estoppel is operative against the city, it operates as much in favor of the Electric Company as in favor of the plaintiff.

We think the controversy must turn upon the question of the validity of Ordinance No. 239, and the decree of the trial court must therefore be *Affirmed*.