# IN THE COURT OF APPEALS OF IOWA

No. 15-1471
Filed March 8, 2017

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**CHRIS ANTHONY WARD,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling, Judge.

 Chris Ward appeals the district court's denial of his motion to dismiss. **REVERSED AND REMANDED.**

 Gina M. Messamer and Alfredo G. Parrishof Parrish Kruidenier L.L.P., Des Moines, for appellant.

 Thomas J. Miller, Attorney General, and Aaron J. Rogers, Assistant Attorney General, for appellee.

 Heard by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

This appeal requires us to determine whether a charge of felonious misconduct in office may be premised on an ordinance that was not properly repealed.

## I.    *Background Facts and Proceedings*

Chris Ward was terminated from his long-term position as West Liberty city manager. The State subsequently charged him with felonious misconduct in office in connection with an instruction he allegedly gave to bill utility customers pursuant to a rate prescribed by a 1998 ordinance rather than a 2007 ordinance.[1] The 1998 ordinance set electricity rates "based upon a Cost of Purchased Energy Index of 2.4 cents per KW-HR." *See* West Liberty, Iowa, Ordinance No. 9-98 (Dec. 15, 1998).[2] The 2007 ordinance "repeal[ed] ordinance 1-87, 11-88, and 9-93"—but not ordinance 9-98—and set forth utility "rates . . . based upon a Cost of Purchased Energy Index of 3.1¢ per kWh." *See* West Liberty, Iowa, Ordinance 2007-01 (June 15, 2007). The 2007 cost of purchased energy index effectively lowered the rate charged to utility customers. By reverting to the 1998 index, West Liberty charged a higher rate.

---

[1] The State also charged Ward with third-degree fraudulent practices, a charge that was subsequently dismissed.

[2] The complete language is as follows:

> These rates are based upon a Cost of Purchased Energy Index of 2.4 cents per KW-HR, and shall be increased or decreased by a purchased power adjustment equal to the amount by which the average cost for the appropriate seasonal billing of electric energy purchased in the preceding purchase billing period by the West Liberty Municipal Utility is greater or less than 2.4 cents per KW-HR. The cost of electric energy purchased shall include the cost of peaking power, that is purchased by the City, in order to receive a credit from purchased power costs.

The State did not assert Ward pocketed the overage, which was ultimately refunded to customers. The State simply charged that Ward's reliance on the 1998 ordinance amounted to falsification of a public record. *See* Iowa Code § 721.1(2) (2015).

Ward moved to dismiss the charge. He asserted "[a]ny action based on [the 1998 ordinance] [was] fundamentally legal" because that ordinance was still in effect. The State countered by asserting, "The fact that the price [for electrical service] was changed [in the 2007 ordinance] means that the 1998 ordinance was repealed."

In ruling on the motion, the district court mentioned the State's concession "that as of the date when the criminal activity [was] alleged, the City of West Liberty had not enacted an ordinance which specifically repealed Ordinance 9-98." The court nonetheless denied the motion to dismiss the felonious misconduct charge, reasoning, "The only manner in which one can logically harmonize the two ordinances in this matter is to interpret Ordinance 2007-01 to be an enactment to amend and change the electrical rate charged by the City of West Liberty."

Ward filed an application for interlocutory appeal and discretionary review, which the Iowa Supreme Court granted.

## II. Analysis

Iowa Code section 721.1(2) states, "Any public officer or employee, who knowingly . . . [f]alsifies any public record, or issues any document falsely purporting to be a public document" is guilty of a class D felony. Ward reprises his argument that the State's felonious misconduct charge cannot stand because

it is premised on an ordinance "in effect at the time of the conduct alleged against" him. He notes that the 1998 ordinance was not expressly repealed by the 2007 ordinance and could not have been impliedly repealed because the common law "implied repeal" doctrine has been abrogated by statute. *See* Iowa Code § 380.2.[3]

The State essentially concedes the West Liberty City Council failed to expressly repeal the 1998 ordinance. But the State asserts the ordinance was "implicitly repealed" by the 2007 ordinance, which provided a different and "explicit, irreconcilable cost-of-purchased-energy provision." In the State's view, "Ward falsified the electricity billing system" by "setting the electricity rate to the level prescribed by an implicitly repealed ordinance."

We need not engage in a broad discussion of the common law "repeal by implication" doctrine and the claimed statutory abrogation of the doctrine. For purposes of this appeal, it is sufficient to focus on the specific language of section 380.2 and whether West Liberty followed its dictates in attempting to repeal the 1998 ordinance.

As Ward points out, section 380.2 requires a city council to "specifically identify" an ordinance it intends to repeal. *See id.* Ordinance 2007-01 did not specifically identify Ordinance No. 9-98. Accordingly, Ordinance 2007-01 did not properly repeal Ordinance No. 9-98. It follows that Ordinance No. 9-98 was still

---

[3] Section 380.2 states:

> An amendment to an ordinance or to a code of ordinances must specifically identify the ordinance . . . to be amended, and must set forth the ordinance . . . as amended, which action is deemed to be a repeal of the previous ordinance . . . amended.

in effect when Ward was charged with invoking it. Because it was still in effect, we conclude reliance on its contents could not be considered falsification of a record and felonious misconduct in office. Long-standing precedent supports this conclusion.

As early as 1882, the Iowa Supreme Court considered an ordinance under which a defendant was arrested, tried, and convicted. *See Town of Cantril v. Sainer*, 12 N.W. 753 (Iowa 1882). The court categorically stated, "[W]hen a conviction is sought under an ordinance of the town, it must be by such an enactment as reasonably and fairly accords with the law authorizing municipal corporations to enact and enforce ordinances." *Id.* at 753. Characterizing the ordinance as "fatally defective" for failing to comport with a predecessor version of section 380.2, the court reversed the conviction. *Id.*[4] Though the nonconformity simply related to the title of the ordinance, the court stated, "We cannot disregard this provision of law. It is not unreasonable that when a village assumes to itself the functions of a municipal corporation, it should be held to a reasonable compliance with the laws of the state in the enactment of its ordinances . . . ." *Id.* at 754.

In *Glaser v. City of Burlington*, 1 N.W.2d 709, 711-12 (Iowa 1942), a city defended a firefighter's lawsuit alleging wrongful deduction of wages by citing an ordinance that purported to amend the salaries prescribed by another ordinance.

---

[4] Iowa Code section 489 (1880) stated in pertinent part:
> [N]o ordinance shall contain more than one subject, which shall be clearly expressed in its title, and no ordinance or section thereof shall be revised or amended unless the new ordinance contain the entire ordinance or section reviewed or amended, and the ordinance or section so amended shall be repealed.

The Iowa Supreme Court concluded the amending ordinance "did not comply with [a predecessor to section 380.2] and therefore did not change the salaries fixed by [the original ordinance]." *Glaser*, 1 N.W.2d at 712. The predecessor statute stated, "An ordinance revising or amending an ordinance or section thereof shall specifically repeal the ordinance or section amended or revised, and set forth in full the ordinance or section as amended or revised." *Id.* at 711-12. The court determined the city made "[n]o attempt . . . at compliance with the plain provisions of [this] Code section" even though the statute was "mandatory" and "limit[ed] the power of the city to enact ordinances." *Id.* at 712. The court affirmed the district court's decision to strike the city's defense based on the purported amending ordinance. *Id.*

In *Massey v. City Council of City of Des Moines*, 31 N.W.2d 875 (Iowa 1948), a police chief was appointed under the auspices of a city resolution. The superintendent of public safety filed suit against the city to test the legality of the resolution. *Massey*, 31 N.W.2d at 877. The Iowa Supreme Court held the resolution conflicted with city ordinances. *Id.* at 880. The court stated "these ordinances were not repealed, amended or otherwise affected by passage of the resolution" because they were not "repealed or amended . . . in the manner provided by [a predecessor statute to section 380.2]." *Id.* at 881.

Together, these opinions mandate dismissal of the felonious misconduct charge. Although the language of the predecessor statutes on passage of ordinances differed from the version in effect when Ward was charged, the effect was the same: ordinances that failed to comport with the statute were unenforceable (*Sainer* and *Glaser*) and an ordinance that was improperly

repealed was enforceable (*Massey*). *See also City of Vinton v. Engledow*, 140 N.W.2d 857, 859, 868 (Iowa 1966) (reversing conviction for a traffic offense charged under a city ordinance, reasoning, "If it be the fact that the defendant was charged under an invalid ordinance, this conviction cannot be sustained, regardless of our view of the factual situation"); *City of Osceola v. Blair*, 2 N.W.2d 83, 83, 85 (Iowa 1942) (affirming district court conclusion that an ordinance prohibiting solicitation and punishing solicitors with a $100 fine and costs was invalid); *State v. Livermore*, 185 N.W. 1, 2 (Iowa 1921) (reversing conviction for disorderly conduct and disturbance of the peace under an ordinance that was held to violate a statute); *Bradley v. City of Centerville*, 117 N.W. 968, 969 (Iowa 1908) ("No authority is cited, and we think none can be found, in support of the proposition that the city ordinance regularly and formally adopted may be repealed otherwise than by another ordinance duly enacted.").

These holdings makes sense. Ordinances must "be published in a certain manner, and thereafter stand as the law, of which all must take notice." *Cascaden v. City of Waterloo*, 77 N.W. 333, 336 (Iowa 1898). If matters were adopted by less formal means such as by resolution, "the public would not be informed of amendments, repeals, or suspensions." *Id.*; *see also Indep. Sch. Dist. of Des Moines*, 180 N.W. 157, 158 (Iowa 1920) ("The provision of [a prior version of chapter 380] which requires that no ordinance shall contain more than one subject, which shall be clearly expressed in the title, is mandatory, and a limitation upon the power of city councils to enact ordinances. The failure of the title to clearly express the subject of the ordinance is fatal to its validity." (internal citations omitted)); *Rocho v. Boone Elec. Co.*, 140 N.W. 193, 193 (Iowa 1913)

("The intent [of the statute requiring inclusion of the entire ordinance or section being revised or amended] is that the amending ordinance or section shall be complete in itself, and that the former ordinance or section shall be repealed. The purpose of this statute is to avoid the confusion and the frequent contradiction which results from amendments which purport to add to or take from an existing ordinance mere words or phrases.").

*Town of Decorah v. Dunstan Bros.*, 38 Iowa 96 (1874), does not alter our conclusion. There, the court was asked to determine whether an amended town charter repealed a provision of the original charter. *Dunstan Bros.*, 38 Iowa at 98. The court concluded the amendment comported with the then existing statute on passage of ordinances. *Id.* at 98-99. West Liberty's amending ordinance—Ordinance 01-2007, like the ordinances in *Sainer*, *Glaser*, and *Massey*—did not comport with the statute on passage of ordinances and, accordingly, was ineffective in repealing the 1998 ordinance.

The State nonetheless hangs its hat on the following language in *Dunstan*:

> [W]hile repeals by implication are not favored, yet since section twelve of the amended charter embraces and revises the whole subject matter of that section in the original charter, there arises a clear implication of the legislative intent, that the former shall take the place of, and repeal the latter.

*Id.* at 98. This language is dicta in light of the court's conclusion that the town complied with the requirements of the statute in amending the charter.

The State conceded West Liberty's 2007 ordinance did not properly repeal the 1998 ordinance, yet charged Ward with a crime predicated on repeal of the 1998 ordinance. This was error. We reverse the district court order denying

Ward's motion to dismiss the felonious misconduct in office charge and remand for dismissal of that charge.

**REVERSED AND REMANDED.**