## HARDING v. THE COUNTY OF MONTGOMERY.

1. **Sheriff**: COMPENSATION OF: ALLOWANCE OF CLAIM. The presentment by a sheriff of a claim for services rendered the county to the board of supervisors, and the allowance and payment of the same, were held to be an adjudication binding upon the parties, and precluding the sheriff from claiming further compensation for the same services.

2. ———: ———: MILEAGE. Under section 3788 of the Code, a sheriff is entitled to mileage for each mile traveled in conveying convicts to the penitentiary and returning therefrom.

3. ———: ———: ———. It is only where persons are found to be insane under the provisions of chapter 49, of title 25 of the Code, that a sheriff is entitled to the same mileage for conveying them to the hospital as is allowed for conveying convicts to the penitentiary.

4. ———: ———: ———. The mileage allowed by law to the sheriff for conveying prisoners or insane persons to places of confinement is intended to be full compensation for the time spent and expenses incurred in the performance of the services.

*Appeal from Montgomery Circuit Court.*

WEDNESDAY, DECEMBER 8.

THE plaintiff, as sheriff of Montgomery county, conveyed certain convicts from Red Oak, the county seat of said county, to the penitentiary at Fort Madison. He also conveyed a minor to the reform school at Eldora, and certain insane persons to the hospital for the insane at Mount Pleasant. He also attended with a prisoner certain proceedings in *habeas corpus*. A difference having arisen between the parties as to the plaintiff's compensation, an agreed statement of facts was prepared and submitted to the Circuit Court. Some of the claims made by the plaintiff were allowed by the court, and others were rejected. Both parties appeal.

*Miller & Bartholomew*, for plaintiff.

*W. S. Strawn*, for defendant.

ROTHROCK, J.—I. Prior to June 1st, 1879, the plaintiff conveyed eight convicts to the penitentiary, the distance being two hundred and sixty-one miles. At the re-

*I. SHERIFF: compensation of : allowance of claim.* spective meetings of the board of supervisors prior to 1880, the plaintiff presented to said board duly verified bills in which he charged sixteen cents per mile for the said two hundred and sixty-one miles, for each of said convicts, which said charges were allowed and paid.

At the January term, 1880, of said board, the plaintiff presented a bill for conveying the same persons in which he charged the defendant with sixteen cents per mile from Red Oak to Fort Madison and return, and credited this bill with what had been allowed in his previous bills, and claimed payment for the balance. The board of supervisors and the court below refused to make an allowance in payment of such balance.

In our opinion this ruling of the court was correct. It does not appear from the record before us why the whole claim was not presented in the first instance. · It does appear that plaintiff was allowed all he claimed. The allowance of the claim by the board was an adjudication and binding upon the parties. Parties having claims of this character ought not to be allowed to divide them, and present one installment and afterwards others. The settlement and payment of claims ought not to be left in such uncertainty that a claimant may make new and different charges for the same service. Without more of a showing of surprise, accident or mistake than we have presented in this case, we are disposed to hold the claims which were preferred and paid as full satisfaction for the services.

II. After the first day of June, 1879, the plaintiff conveyed certain other convicts to the penitentiary. He rendered

*2. ——: ——: mileage.* to the board of supervisors his bill, charging for for such services sixteen cents per mile from Red Oak to Fort Madison and return. An allowance of sixteen cents per mile was made for one way only, and the balance,

or the return mileage, was rejected. The court below held this was incorrect, and that plaintiff was entitled to sixteen cents per mile for the miles traveled in making the round trip.

This ruling involves a construction of that clause of section 3788 of the Code which fixes the compensation of sheriffs for such services. It is as follows: "For conveying each convict to the penitentiary, and as full compensation therefor, sixteen cents for each mile traveled, to be computed from the county seat where the conviction took place by the most direct route of travel; the same to be paid out of the county treasury."

We think a fair construction of this language is that payment should be made for each mile traveled on the journey, going and returning. It is said that the allowance is for conveying the convict to the penitentiary, and that means only the actual travel from the county seat to the penitentiary. But it seems to us it is a fairer and more rational construction of the language to hold that it means payment for the travel made necessary to accomplish the purpose, which is to convey the person to the penitentiary. It is not to be supposed that a sheriff, who is required to keep his office at the county seat, would not necessarily return to that place. While the question is not free from difficulty, we think the court below determined it correctly. It is not a question of importance in the future, inasmuch as the law has now been repealed and another method of compensation adopted. Miller's Code, page 892.

III. Plaintiff conveyed a minor to the reform school at Eldora, and presented his claim and was allowed mileage for the distance from Red Oak to Eldora. He afterwards presented an account for the mileage going and returning and credited the same with what had been allowed. The court refused any further allowance as to this claim. The ruling was correct. The facts are the same in substance as in the first above division of the opinion.

IV. The plaintiff conveyed three insane persons to the hospital for the insane, for which he was allowed by the board of supervisors five cents per mile for going and returning. As to two of the persons no complaint is made of the mileage allowed, but as to the other the plaintiff claimed sixteen cents per mile, and that amount was allowed by the court.

It appears from the agreed statement of facts as ·to this claim that the insane person was in jail under indictment, and that he was, by order of the commissioners of insanity, conveyed by plaintiff to the hospital. We think the mileage was correctly fixed by the board of supervisors at five cents per mile, going and returning, and that the court erred in increasing the allowance to sixteen cents per mile. It is only where persons are found to be insane under the provisions of chapter 49 of title 25 of the Code that a sheriff is entitled to the same fees for conveying them to the hospital as are allowed for conveying convicts to the penitentiary. Code, § 4628.

It will be seen upon the most casual reading of said chapter 49 that the insane person who was conveyed· to the hospital by the plaintiff was not adjudged to be insane under that chapter.

V. The plaintiff, in addition to his mileage, claimed certain sums for his " car fare and hotel bills." They were properly disallowed. The mileage allowed by law is intended as a recompense for the time employed and the personal expenses of the officer.

The judgment will be affirmed upon plaintiff's appeal, and; for the error in increasing the allowance for mileage in conveying the insane person named Brandt to the hospital for the insane, the judgment upon defendant's appeal will be

Reversed.