THE CITY OF DES MOINES v. HILLIS ET AL.

| 55 | 643 |
|----|-----|
| 94 | 12 |
| J94 | 31 |

| 55 | 643 |
|----|-----|
| 137 | 478 |

1. **Municipal Corporations:** ORDINANCE: REPEAL OF FORMER ORDINANCE. The provisions of section 489 of the Code, requiring a city ordinance revising or amending another to contain a copy of the latter, have no application to an ordinance which repeals another by reason of its being on the same subject, and repugnant thereto.

2. ——: CONSTITUTIONAL LAW: DELEGATION OF POWER TO LEGISLATE. Chapter 56, laws of 1878, authorizing cities to provide by ordinance for the payment of salaries to their officers, in lieu of the fees theretofore retained by such officers under prior statutes of the State, is not void as delegating powers of legislation to the cities.

3. ——: ORDINANCE: FEES OF OFFICERS. An ordinance of the city of Des Moines, adopted by authority of chapter 56, laws of 1878, provided that the officers of the city should receive salaries fixed thereby as payment for their services, and that the fees collected by such officers should be paid into the city treasury: *Held,* that such ordinance was valid and binding, and by implication repealed a prior ordinance under which the officers retained certain fees as compensation for their services, but received no salaries.

*Appeal from Polk Circuit Court.*

TUESDAY, APRIL 19.

ACTION to recover certain fees collected by defendant, W. C. Hillis, as police judge of the city of Des Moines, in cases prosecuted before him for offenses against the statutes of the State. A demurrer to defendants' answer was sustained; they now appeal to this court.

*Wright, Gatch & Wright,* for appellants.

*Miller & Godfrey,* for appellee.

BECK, J.—I. The defendant W. C. Hillis, as police judge of the city of Des Moines, having jurisdiction thereof under the statutes of the State, tried certain criminal cases brought before him, for which he received fees as fixed by law, amounting to the sum of $480. Of this sum $98.45 were paid by the defendants in the cases and the balance was paid him by the county. This action is brought to recover the amount of these fees, the city claiming that they should have been paid by defendant into its treasury, while defendant claims that under the law he is entitled to the money. This statement presents the precise question involved in the case. It is not necessary to recite the pleadings of the parties.

II. The decision of the cause rests wholly upon certain statutes of the State and ordinances of the city, which we will proceed to consider.

A police judge of a city has, in addition to jurisdiction of all violations of city ordinances, the power and jurisdiction vested in justices of the peace. Code § 543. Section 544 is in the following language:

" The police judge holding the police court shall be entitled to receive, in all criminal cases prosecuted in behalf of the State, the same fees, to be collected in the same manner, as a justice of the peace in like cases; and in cases prosecuted in behalf of the city, such fees, not exceeding those for services of the like nature in State prosecutions, as the council may, by ordinance, prescribe; and shall also receive such salary or compensation as the city council may in like manner prescribe."

Under this section the city council passed an ordinance which provides that the police judge " shall be entitled to receive, in all criminal cases prosecuted in behalf of the State, the same fees, to be collected in the same manner, as a justice of the peace in like cases, and in cases prosecuted in behalf of the city, when judgments are rendered in favor of the city, such fees as he is entitled to in cases of the same nature when

prosecuted in behalf of the State, but in no case shall the city be liable for any costs or fees."

Subsequently chapter 56, Acts Seventeenth General Assembly, Miller's Code, page 135, was enacted, which, with its title, is as follows:

" An act requiring that certain officers in cities may receive a fixed compensation, and that all fees now allowed such officers shall be paid into the treasuries of such cities.

" Section 1. Be it enacted by the General Assembly of the State of Iowa. That all cities of the first class, organized under the general incorporation law, and all cities organized under special charter, may provide by ordinance that all judges of police courts or other city courts, city marshals, chief of police, police officers and all other officers elected or appointed, shall receive, in lieu of all fees now allowed by law or ordinance, such fixed salary, in monthly or quarterly installments, as may be provided by ordinance, when not provided by law, which salary, when it shall have been fixed, shall not be increased or diminished during their terms of office.

" Sec. 2. No such officer of any city shall receive, for his own use, any fees or other compensation for his services, of such city, than that which shall be provided as contemplated in section one (1) of this act; but all such fees as are now, or may hereafter be, allowed by law for such services, shall, by such officer, when collected, be paid into the city treasury, at such time and in such manner as may be prescribed by ordinance.

" Sec. 3. All acts and parts of acts in conflict herewith are hereby repealed; provided, that the intent of this act is not to abolish any fees now allowed by law, but. to require the same to be paid into the city treasury."

. To carry out the provisions of this act, the city council on the 25th day of March, 1878, passed an ordinance of which the following is a copy:

. " Section 1. *Be it ordained by the Mayor and city*

*council of the city of Des Moines:* That the compensation of the mayor, and other officers, of the city of Des Moines shall hereafter be as hereinafter specified:

" Sec. 2.  *  *  *  *  *  *  The police judge shall receive an annual salary of ten hundred dollars.  *  *

" Sec. 4. The compensation provided by this ordinance shall be in full of all compensation for the discharge of the official duties of the officers herein specified, and in all cases where fees are now, or have been heretofore, allowed and payable to any such officer as a part of his compensation, either by the statutes of the State or ordinances of the city, the same shall be charged and collected as heretofore, but when collected shall be paid into the city treasury, and duplicate receipts taken therefor, one of which shall be kept by the officer to whom it is given and the other reported to the council and filed with the auditor.

" Sec. 5. Any officer receiving any such fees shall pay the same into the city treasury on or before the last day .of each calendar month after the same are received by him; *provided*, that all fees and costs paid into the police court on account of any fees allowed by law to the police judge, clerk of the police court, city marshal or deputy marshal, or any policeman, for official duty performed in any case or proceeding in said court, shall be paid to the police judge and by him paid into the city treasury and reported to the council as above provided."  *  *  *  *  *  *  *  *

III. To our minds the purpose, meaning and effect of the foregoing legislation, both city and State, is plain. Under Code, section 544, the compensation of the police judge was the fees taxable in the cases tried before him, and such salary as the city council should allow. The ordinance of the city made in pursuance of this statute provides that the fees of the officer shall be his only compensation, as it makes no provision for a salary.

Chapter 56, Acts Seventeenth General Assembly, authorizes the city to substitute a salary for the fees before paid to

police judges. Pursuant to the authority conferred by this act, the ordinance of the 25th of March, 1878, was passed, which provides that the only compensation of the police judge shall be the salary therein prescribed, and that the fees provided for under the statutes of the State and the ordinances of the city shall be paid into the city treasury. These ordinances are clearly authorized by the respective statutes above quoted, under which they were passed. The last statute authorizes the city to compensate the judge by the payment of a salary, and to require the fees appertaining to the office to be paid into the city treasury.

The last ordinance repeals the first by implication, as it is plainly inconsistent and repugnant therewith. Of repugnant statutes upon the same subject, the last enacted prevails and operates to repeal the others. This is a familiar rule of the law. These views lead to the conclusion that the Circuit Court correctly construed the statutes and ordinances in question.

IV. We will proceed to notice briefly the positions of counsel for defendants. They are presented with earnestness, 1. MUNICIPAL and supported by ingenious arguments. It is first corporations: ordinance:re- urged that the ordinance of March 25, 1878, does peal of former ordinance. not have the effect to repeal the prior ordinance, for the reason that it does not conform with Code, section 489, which provides that "no ordinance shall contain more than one subject, which shall be clearly expressed in its title, and no ordinance or section shall be revised or amended unless the new ordinance contains the entire ordinance or section reviewed [revised] or amended, and the ordinance or section so amended shall be repealed."

Counsel for defendants insist that the second ordinance does not affect the first because it does not repeat the language thereof; in other words the second ordinance does not "contain" the first. In our opinion the section of the Code above quoted is not applicable to the ordinance in question. The first provides that the police judge shall receive fees and no

salary; the second that he shall receive a salary and no fees. The second ordinance is not an amendment or revision of the first; it is a new law upon the subject of the compensation of the officer. It cannot be said that a statute making provisions utterly repugnant with a former statute is an amendment or revision thereof. It is impossible for us to see how the second ordinance could be made to "contain" the first, or to repeat its language. The legislature certainly did not intend to provide that in order to repeal an ordinance its language should be repeated in the repealing ordinance. Surely the enactment of a new law upon the subject of an ordinance repugnant to the first ordinance will operate to repeal it. In our opinion the object of the provision under consideration was to prohibit the amendment or revision of the ordinance by providing for the insertion therein of specified words, a practice quite common of late years. We think the ordinance of March 25, 1878, contains but one subject, the fees and compensation of officers, and is not, therefore, in conflict with the section last cited.

V. Counsel for defendants insist that chapter 56, Acts Seventeenth General Assembly, by its terms refers alone to fees for services rendered by the police judges in cases of violations of city ordinances, and not to fees in cases prosecuted under the laws of the State. This position is supported by an acute and prolix criticism of the language of the statute. It would be unprofitable to attempt a reply at length to this part of the argument. We think the position is completely answered by the following consideration. Section 1 of the act authorizes cities to provide that judges of police courts shall receive " in lieu of all fees now allowed by law or ordinance " a fixed salary. Clearly the salary is to be in lieu of fees, from whatever source they may be received, whether from cases under city ordinance or from cases for violating laws of the State. Section 2 contains an additional prohibition against the officer's receiving fees. Its clear meaning is that he shall not receive from the city any fees or other

compensation for his services except his salary. It further provides that fees shall be paid into the city treasury.

Counsel argue that the construction we adopt requires the police judge to pay into the city treasury fees collected by him for acknowledging deeds, celebrating marriages, taking depositions, and the like. This may be, but the point is not before us, and we do not decide it. If we should reach such a conclusion it would be no argument against our position, for it cannot be doubted that the legislature may regulate the matter of fees and salaries in this way.

VI. It is next urged that the county will pay fees more than equal to the salary of defendant, the city thus becoming a gainer by obtaining the services of the police judge without cost, and realizing a revenue from the fees of his office. This, it is insisted, is not just, all of which we may admit. But these are arguments to be addressed to the legislature. The language of the act before us is plain; we cannot pervert its meaning because we may think it operates with injustice. We may here suggest that we cannot see how the county is prejudicially affected by the statute requiring fees to be paid into the city treasury rather than to the officers earning them.

VII. The operation of the law in case the county should refuse to pay the costs, and the right of the city or of defendant to bring suit, and other like matters, are discussed by counsel. We do not see the occasion for perplexity here, or fear that any great injustice will be likely to fall upon the county. If the law requires the county to pay the fees, and authorizes the city to receive them, there will be found a proper remedy and proper parties thereto, in order to enforce obedience to the law. We need not now inquire into these matters; we surely cannot be controlled by them in the decision of this case.

Counsel insist that the act in question (chapter 56, Acts 2. ———: constitutional law: delegation of power to legislate. Seventeenth General Assembly) is void for the reason that the provision as to the salary of the officers can only take effect upon the vote of the

city council, a law of the State being thus made dependent upon the action of a municipality, which, it is insisted, is in conflict with the Constitution.

The statute confers authority, to be exercised at their discretion, upon the city councils; they may execute the power conferred or withhold its exercise; that is all there is of it. The city has authority from the State to pass the ordinance. Surely it cannot with fairness be said that the operation and validity of the statute depend upon the action of the city. We think that *Bryan v. Des Moines*, 51 Iowa, 590, and *Christ v. Des Moines*, 53 Id., 144, have no bearing upon this case. The decision of the Circuit Court is, in our opinion, correct.

AFFIRMED