The People ex rel. William H. Bacon, Appellant, *v.* The Board of Supervisors of the County of Kings, Respondent.

The board of supervisors of the county of K., in whom was vested the power to fix the compensation of the district attorney, his assistants, clerks and officers, in August, 1877, fixed the salaries, and among them the salary of the chief clerk, at $3,000 per annum. In November, 1877, however, said board fixed the amount to be raised by taxation for the salaries in that office for the current fiscal year, at a sum considerably less than the aggregate of the salaries as fixed in August, 1877. The relator was appointed by the district attorney, whose term of office began January 1, 1878, chief clerk from that date, at a salary of $1,500, the salaries in the office having been scaled down to come within the appropriation. The relator accepted the appointment and continued in the office until August 1, 1881, receiving and accepting the salary so fixed, making no claim for additional compensation until after his employment had terminated. In an action to recover the difference between the amount received and the amount of salary as fixed by the board, *held,* that the action of the board in November, 1877, plainly indicated an intention on its part to reduce the salaries, and authority was thus impliedly given to the incoming district attorney to make such arrangements with his appointees as would bring the aggregate within the sum to be raised; that it was fairly presumable that, by the voluntary acceptance and retention by the relator of his employment at the reduced salary, the board was led to omit adopting a formal resolution reducing the salary to that fixed by the district attorney; and that, therefore, plaintiff was not entitled to recover.

(Argued February 8, 1887; decided April 19, 1887.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 13, 1885, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial without a jury. (Reported below, 38 Hun, 373.)

The nature of the proceedings and the facts, so far as material, are stated in the opinion.

*James Troy* for appellant. The salary of the relator having been fixed by law at $3,000 per annum, and its payment by the county treasurer having been directed under authority of the act of 1875, he was entitled to be paid that sum, and the acceptance by him of a reduced amount, especially as that reduced amount was all the county treasurer had to pay; did not in any way affect or impair his right to receive the whole. (*People ex rel. Satterlee* v. *B'd of Police*, 74 N. Y. 265; *People ex rel. Ryan* v. *French*, 91 id. 389; *Kehn* v. *The State*, 93 id. 291; *Riley* v. *Mayor, etc.*, 96 id. 339.) It was not necessary that the relator's claim should be approved or rejected by the county auditor. (Laws of 1871, chap. 737; 2 R. S. [Banks' 7th ed.] 924, § 4; Id. 979, § 4; 1 id. 845, § 6; *People ex rel. Green* v. *Wood*, 13 Abb. Pr. 383.) The authority given by the legislature to the board to fix the salaries, included a right to direct the payment thereof. (*Otsego B'k Case*, 51 N. Y. 501; *People ex rel. Oakey Hall* v. *Sup'rs*, 32 id. 473; *People ex rel. Com'rs of Records* v. *Sup'rs*, 11 Abb. Pr. 114; *People ex rel. Otsego B'k* v. *Sup'rs*, 51 N. Y. 501; *People ex rel. Benedict* v. *Sup'rs of Oneida*, 24 Hun, 413; *People ex rel. Sherman* v. *Sup'rs of St. Lawrence*, 30 How. Pr. 173; *Hasbrouck* v. *Sup'rs*, 22 id. 71; *People ex rel. McConnell* v. *Baker*, 29 Barb. 81.)

*William G. Cooke* for respondent. By accepting $1,500 per year, the relator expressly waived all claims to any higher rate of compensation. (*Riley* v. *Mayor, etc.*, 96 N. Y. 339; *People ex rel. Satterlee* v. *B'd of Police*, 75 id. 38; *People*

*ex rel. Ryan* v. *French*, 91 id. 265 ; *Kehn* v. *The State*, 93 id. 291 ; *Hobbs* v. *Yonkers*, 102 id. 13.) The resolution of August 7, 1877, by which the relator claims his salary was fixed at $3,000, was absolutely void. (*Bowen* v. *Lease*, 5 Hill, 221 ; *McKenna* v. *Edmunston*, 91 N. Y. 233 ; *In re The Evergreens*, 47 id. 216 ; *Vandenburgh* v. *Greenbush*, 66 id. 1 ; *Whipple* v. *Christian*, 8 id. 523 ; *Harlem R. R. Co.* v. *Southern R. R. Co.*, 24 Week. Dig. 491 ; 41 Hun, 553 ; *People ex rel. Hays* v. *Brooklyn*, 71 N. Y. 495 ; *Tifft* v. *Buffalo*, 82 id. 211.) It did not become the respondent's duty to allow the relator's claim until it had been properly certified by the auditor. (*People* v. *Brooklyn*, 69 N. Y. 605 ; *People ex rel. Brown* v. *Green*, 56 id. 477 ; *People ex rel. Ryan* v. *Green*, 58 id. 295, 306 309 ; *Dannat* v. *Mayor, etc.*, 66 id. 585 ; *People ex rel. Burnet* v. *Jackson*, 85 id. 541.)

Rapallo, J. The findings of fact made by the trial judge establish that the relator was appointed by Isaac S. Catlin, district attorney of Kings county, whose term of office began on the 1st of January, 1878, chief clerk in the office of such district attorney, from the 1st of January, 1878, at a salary of $1,500 per annum ; that the relator served under such appointment from January 1, 1878, until August 1, 1881, during the whole of which period he received, from the treasurer of the county, salary at the rate aforesaid, in equal monthly payments. On the 17th of January, 1884, the relator presented to the board of supervisors a claim for upwards of $14,000, being the difference between the sum which he had received for salary and a salary at the rate of $5,000 per annum, to which he claimed to be entitled by law for the period during which he had served. This claim was rejected by the board of supervisors, and thereupon the relator sued out an alternative writ of *mandamus* requiring the supervisors to audit and pay him the sum claimed, with interest, or show cause, etc. The supervisors having made return to the writ, the issue thus joined was tried at Special Term by the court, a jury having been waived, and the court rendered judgment

dismissing the writ on the ground that the relator had never presented his bill, or claim, to the auditor of the county of Kings, and that such auditor had never passed upon the same.

On appeal by the relator to the General Term, the judgment rendered at Special Term was affirmed, the court holding that, upon the merits, the relator's claim was unfounded. The particular point on which the judgment of the Special Term was placed was not passed upon in the opinion at General Term, and, without intimating any question of its correctness, we refrain from discussing it or other points of form which might be raised, as we fully concur in the conclusion of the General Term, which finally disposes of the litigation.

The ground of the relator's claim is that his salary as chief clerk in the district attorney's office was fixed by law, and that, consequently, the district attorney who appointed him had no power to stipulate for a reduced compensation. He concedes that the claim made in the alternative writ, that his legal salary was $5,000 per annum, is erroneous, but contends that it was $3,000 per annum, and that he is entitled to the difference between that sum and the $1,500 per annum, at which rate he was appointed, and which he received.

It is not claimed that the relator's salary was fixed by any statute. It is conceded that the power to fix the compensation of the district attorney and his assistants, clerks and officers, was vested by statute in the board of supervisors. The claim of the relator is that his salary was fixed by a resolution of the board of supervisors of the county of Kings, adopted on the 7th of August, 1877 (before the election of Mr. Catlin as district attorney). That resolution fixed the salary of the district attorney to be elected, and of the first and second assistants, and the salary or pay of the chief and assistant clerks, and of the several officers attached to or attendant upon the office of the district attorney, the salary or pay of the chief clerk being fixed in this resolution at $3,000 per annum. But on the 8th of November, 1877, the board of supervisors, by resolution, determined to raise by taxation, and

included in the budget for the then·current fiscal year, for salaries of the district attorney and his assistants, clerks and officers, only the sum of $22,000, which was considerably less than the aggregate of the salaries or pay of those officers as fixed by the resolution of August 7, 1877. Although the last mentioned resolution was not, in terms, repealed or amended, we think that the action of the board on the eighth of November, plainly indicated an intention on its part to reduce the salaries to be paid in the district attorney's office to an aggregate amount which would be within the sum provided for in the tax budget, and that it was within their power to do so, as they had full authority, to regulate the salaries of the persons thereafter to be employed in that office, and that authority was thus impliedly given to the incoming district attorney to make such arrangements with the subordinates to be appointed by him, in the way of scaling down their salaries, as would bring the aggregate within the sum to be raised by taxation. The district attorney appears to have acted on this understanding. He was not compelled by law to appoint a chief clerk, but he offered the position to the relator at a salary of $1,500, which was accepted, and on entering upon his office of district attorney, he sent to the county treasurer a list of all the assistants, clerks and officers appointed by him, with the salaries to be paid to each, which salaries were in the aggregate equal to the unexpended balance of the amount provided for in the tax budget of the board of supervisors. The relator accepted from the county treasurer and gave receipts for his salary at the rate of $1,500 per annum, in monthly payments, during the whole time of his service, and it was not until long after his employment had terminated, viz., January 17, 1884, that he made his claim for additional compensation. We think the claim is without merit, and that it does not fall within the principle of the cases in which a salary fixed by statute, and attached to a public office or employment, is sought to be reduced, either by the officer making the appointment, or by the officer charged with the duty of paying the prescribed salary.

Here the amount of the relator's salary was within the control of the board of supervisors, and it is fairly presumable that by the voluntary acceptance and retention by the relator of his appointment at the reduced salary fixed by the district attorney, the board of supervisors was led to omit adopting a formal resolution conforming to his action. He should not now be permitted to retract his agreement. In this respect the case of *Hobbs* v. *City of Yonkers* (102 N. Y. 13) is in point.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.