JEAN TONES et al., Appellants, v. INDEPENDENT SCHOOL DISTRICT OF DES MOINES et al., Appellees.

**MUNICIPAL CORPORATIONS:** Title of Ordinance, An ordinance which, in its title, expresses one subject-matter, and in its enacted sections deals with a different subject-matter, is necessarily invalid. So held where the title was stated as *"requiring the vaccination of* school children, and providing for rules, regulations, and penalties for its violation,'' while the body of the ordinance simply (1) penalized school teachers for admitting unvaccinated children to the school, and (2) required the local board of health to prescribe rules for enforcing the ordinance.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

DECEMBER 14, 1920.

AN action in equity by Jean Tones, Arthur T. Reeve, and J. Morris Leigh Irwin, in the name of their next friends, to enjoin the members of the defendant school board, the secretary thereof, and the superintendent of schools of the Independent District of Des Moines from enforcing certain resolutions and

orders of the board excluding plaintiffs from the public schools
of said district, because of their failure to present satisfactory
evidence of successful vaccination.   A temporary writ was is-
sued, but, upon final hearing, this writ was dissolved, and plain-
tiffs' petition dismissed.   Plaintiffs appeal.—*Reversed.* .

*James A. Howe, James E. E. Markley,* and *Sam Abramson,*
for appellants.

*H. L. Bump* and *Reson S. Jones,* for appellees.

Per Curiam.—On August 28, 1918, the city council of the
city of Des Moines, under the title of "An ordinance requiring
the vaccination of school children, and providing for rules, reg-
ulations, and penalties for its violation," enacted an ordinance
providing in substance as follows:

"Section 1.   It shall be unlawful for any teacher or person
in charge of any of the public or private schools of the city to
admit therein any pupil until such pupil shall have proved
to the satisfaction of the local board of health, or the person
selected by it for that purpose, that such pupil has been success-
fully vaccinated within five years prior thereto, or within such
time as the local board of health may designate."

Section 2 makes it the duty of the officers of the local board
of health to promulgate the necessary rules and regulations for
carrying out the terms of said ordinance; Section 3 makes the
violation thereof a misdemeanor, punishable by fine not exceed-
ing $100, or imprisonment for a period not exceeding 30 days;
Section 5 repeals all ordinances in conflict therewith; and Sec-
tion 6 provides for publication thereof.

On November 5, 1918, the defendant school board passed
a resolution in express obedience to the requirements of the fore-
going ordinance, instructing the superintendent and principals
of the various schools of the city of Des Moines to exclude from
attendance upon said schools, on and after November 15, 1918,
all children failing to produce a proper certificate showing suc-
cessful vaccination.   Plaintiffs, in their petition, prayed that
the officers of the independent school district of Des Moines be
restrained from carrying out or executing the order and direc-

tion of the board, alleging that said resolution and order of the board was unreasonable, and in violation of law. The defendant school board answered said petition, alleging that the resolution and order of the board was adopted in obedience to an ordinance of the city of Des Moines, a copy of which is attached thereto, and that, at the time of the adoption thereof, the city of Des Moines was threatened with an epidemic of smallpox, and that the steps taken by the city council, the defendants, and the board of health, were in good faith, and necessary to the preservation of the health of the pupils attending the public schools, and of that of the citizens of said city. In reply, among other matters pleaded, plaintiffs alleged that the ordinance was illegal, unconstitutional, invalid, and void, for the reason that the subject thereof is not clearly expressed in the title, which is inconsistent with the ordinance, and that same contains more than one subject.

As indicated, the resolution and orders of the school board were based upon and passed in obedience to the above ordinance, and all actions taken by the board of health were in harmony therewith, and in conformity thereto. Section 680 of the Code of 1897 confers authority upon municipal corporations to enact "ordinances not inconsistent with the laws of the state for carrying into effect or discharging the powers and duties conferred by this title, and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof, and to enforce obedience to such ordinances by fine not exceeding one hundred dollars, or by imprisonment not exceeding thirty days."

Section 681 of the Code reads as follows:

"No ordinance shall contain more than one subject, which shall be clearly expressed in its title; and no ordinance or section thereof shall be revised or amended unless the new ordinance contain the entire ordinance or section revised or amended, and the former ordinance or section shall be repealed."

A casual examination of Section 1 of the ordinance quoted above discloses that it contains no provision requiring the vaccination of school children, but that it makes it unlawful for any teacher or other person in charge thereof to permit school

children to enter or attend the public schools, after November 15, 1918, who failed to produce a satisfactory certificate of successful vaccination within the period stated. Not only does the title fail to clearly express the subject of the ordinance, but it is wholly inconsistent therewith. The penalty of the ordinance may not be inflicted upon school children refusing to submit to vaccination, but must be inflicted upon teachers or others in charge of the schools who admit them without the required proof of successful vaccination. The provisions of Section 681, supra, which requires that no ordinance shall contain more than one subject, which shall be clearly expressed in the title, are mandatory, and a limitation upon the power of city councils to enact ordinances. *Dempsey v. City of Burlington,* 66 Iowa 687; 2 McQuillin on Municipal Corporations, Section 681. The failure of the title to clearly express the subject of the ordinance is fatal to its validity. *Town of Cantril v. Sainer,* 59 Iowa 26; *Marion Water Co. v. City of Marion,* 121 Iowa 306; *Withey v. Fowler Co.,* 164 Iowa 377. A like conclusion was reached by the Supreme Court of Nebraska in *Lincoln Land Co. v. Village of Grant,* 57 Neb. 70 (77 N. W. 349), in which a similar statute of that state was construed.

The briefs and argument of counsel are devoted almost entirely to the discussion of the power of local boards of health, and of the officers of municipal corporations upon whom the same power is conferred, to enact rules and regulations for the prevention of the spread of contagious diseases within their respective jurisdictions, and little or no reference is made to the authority of school boards to make rules and regulations under the statutes of this state of the character shown.

Counsel for appellee, in argument, refers to the ordinance as having been enacted by the city council, acting as a board of health. Manifestly, the city council sitting as a board of health has no power to enact or to repeal ordinances. It is true that the statute, Section 2568 of the Code of 1897, provides that the mayor and city council in cities and towns shall constitute a local board of health, and that the city clerk shall be the clerk thereof; but their duties and functions are wholly separate and independent, and must be so exercised. In view of the invalidity of the ordinance upon which the resolutions and orders com-

plained of were based, we refrain from entering upon a discussion of the more important questions discussed by counsel. Doubtless, the emergency which was believed to exist at the time the resolution and order of the board was adopted, has long since ceased to exist. No further proceedings are, therefore, necessary in this court or in the court below to secure the admission of plaintiffs to the public schools, and none will be ordered, except to direct the court below to order a proper taxation of costs. For the reasons already stated, the judgment appealed from is —*Reversed.*