Harry R. Jones, Appellee, v. County of Winnebago, Appellant.
George E. Bates, Appellee, v. County of Winnebago, Appellant.

Gen. No. 9,143.

Opinion filed January 18, 1937.

Robert E. Nash, State's Attorney, and Max A. Weston, Assistant State's Attorney, for appellant.

Karl C. Williams, of Rockford, for appellees; J. Phillip Dunn, of counsel.

Mr. Presiding Justice Huffman delivered the opinion of the court.

Appellees Jones and Bates were deputy sheriffs of appellant county. When they first began working as such officers, their salaries were $150 per month. This rate of pay continued until some time during the summer of 1932, when it was reduced to $135 per month. Appellees were serving as jailors at the county jail. The board of supervisors at its September meeting, 1932, reduced the appropriation for jailor's salaries from $5,400 (which it had been the previous year), to the sum of $4,830, and appellees' monthly salaries were subsequently reduced from $135 per month to $105.

Appellees continued to serve as jailors and to receive each month the sum of $105 therefor, until the expiration of the sheriff's term of office in December, 1934. In April, 1935, appellees each filed a claim with the county for the sum of $720 for salary as deputy sheriff, acting as jailor, from December 1, 1932, to December 1, 1934. This amount claimed is represented by the $30 difference between $135 per month and $105 per month, for a period of 24 months. Their claims were denied by the county board, and appeals taken by appellees to the circuit court of said county, pursuant to statute. (Ill. State Bar Stats. 1935, ch. 34, ¶ 38; Jones Ill. Stats. Ann. 33.036; Smith-Hurd, sec. 35 *et seq.*) The causes were consolidated for hearing be-

fore the court and judgment rendered for each appellee in the sum of $720. The county prosecutes this appeal from said judgments.

It is the contention of appellees that the first reduction in their salaries from $150 per month to $135 per month, was voluntarily accepted by them, but that they protested as to the second reduction from $135 to $105 per month. However, this protest was but a verbal expression by appellees of their dissatisfaction and objection to the action taken by the county board. Their salaries during the period of time claimed for were paid directly from an appropriation made by the county board for that purpose, and not by the sheriff's office from fees derived therefrom.

Appellees filed their claim with the county for wages as jailors in the sum of $105 during each of the 24 months in question. These claims were duly audited by the county board and allowed to appellees each month, in the amount and for the purpose claimed. Warrants were drawn therefor, which appellees accepted and cashed. Claims presented against a body politic may be audited by the proper authorities and allowed in full, or allowed in part, or disallowed. A claimant who files his claim, which is duly audited, approved and allowed, and he accepts payment of the same, must be held thereby to be estopped from making any further claim for the same services upon which his claim was based. The filing by appellees of a claim each month in the sum of $105 for services as jailors, and the approval and payment thereof by the county constitutes a waiver of any further claim by appellees against the county for the same services. Appellees' action in so doing amounted to an executed agreement to receive the reduced salary of $105, about which they now complain, and they are now precluded by their own conduct from asserting any rights to additional

salary during such period of time. *McHaney v. County of Marion,* 77 Ill. 488; *Board of Education v. Board of Education,* 273 Ill. App. 567.

The respective judgments of the circuit court in favor of appellees are each reversed.

*Judgments reversed.*