## Moody v. Duerson.

Oct. 17, 1939.

**528**

Ross, Ross & Bayer for appellant.

Joe E. Robinson, H. Clay Kauffman and E. C. McDougle for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Charles Duerson sued W. F. Moody to recover $2,150, balance due him for services as deputy jailer of Madison county for 1934 and 1935 and five months in 1936. The defendant, who was jailer during that period, denied liability and claimed payment in full. The plaintiff recovered judgment for the sum asked, less credits for board, the net being $1,812.50. The defendant appeals.

Several interesting questions are presented and discussed, but it seems sufficient to consider only one of them. For that purpose it is unnecessary to state much of the record.

Section 2237, Kentucky Statutes, is as follows:

"Any jailer may, by and with the approval of the county court, appoint one deputy, and shall be liable on his official bond for the conduct of such deputy. The deputy shall have all the powers of the jailer, and shall be subject to the same penalties, and may be removed at any time by the jailer."

There was no record in the county court referring to the appointment of Duerson as a deputy jailer until July 19, 1934. That order merely recites that on Moody's motion the court appointed Duerson as deputy jailer for the term of four years. On January 16, 1934, the jailer presented a "budget for his helpers for the year 1934" to the fiscal court and that body approved

the budget, which contained the name of Duerson as deputy jailer at $1,500 a year, and an unnamed cook at $365 a year. In the jailer's statement of receipts and disbursements for that year filed with the fiscal court as a settlement, it was shown that $1,500 had been paid as "salary for two deputies as fixed and approved by the fiscal court." On January 2, 1935, an order, identical with that of January 16, 1934, was entered. The jailer's statement for that year listed the payment of $1,500 to "deputy jailer." The fiscal court's order at the beginning of 1936 concerning the jailer's budget did not state Duerson's name, but did provide for a deputy jailer at $1,500. The settlement for that year was like the previous one.

Either because of Duerson's resignation or his discharge by Moody, he served as deputy jailer only up to May 1, 1936. Moody had paid Duerson only part of the salary which had been allowed him as deputy jailer by the fiscal court, namely, $540 in 1934, $660 in 1935, and $275 for five months in 1936. The suit sought to recover the balances between those sums and $1,500 a year.

It is to be noted that the statute provides not that the county court or the fiscal court shall appoint a deputy jailer, but that the jailer shall appoint him by and with the approval of the county court. Subject to that approval, and perhaps also to the control by the fiscal court of the expenditures made by the jailer and charged against the receipts of the office, the matter of employment and contract is with the jailer himself. Moody testified that he had employed or appointed Duerson for the salaries paid him and his board. Duerson's testimony as to the terms of the contract are indefinite. He relies, principally, upon the specific allowances by the fiscal court of the large salary and Moody's collection and retention of the balance.

It was clearly established that Moody had disbursed the sums approved, namely, $1,500 a year, to both Duerson and another helper who served in substantially the same capacity. Duerson accepted the sums paid him without objection or claim that he was entitled to more. We think it was established that during this whole time Duerson knew that the other man was being paid out of the budgeted sum, even though some of the allowances and reports contained his name as sole deputy or assistant.

Among other defenses the defendant pleaded estoppel against the plaintiff because of this acquiescence and knowledge. In opposition, the appellee claims the benefit of Sections 161 and 235 of the Constitution providing that the compensation of no city, county, town or municipal officer, or other public officer, shall be changed after his election or appointment or during the term of his office. We have held in a number of cases that such an officer whose compensation had been reduced could recover the balance and was not estopped by any agreement or acquiescence on his part. All of those cases, however, involved an officer who was appointed or elected for a fixed term. Recent cases to that effect are City of Louisville v. Thomas, 257 Ky. 540, 78 S. W. (2d) 767; City of Olive Hill v. Craig, 267 Ky. 38, 101 S. W. (2d) 198. We do not regard a deputy jailer named under authority of Section 2237, Statutes, in that class or as being protected by those constitutional provisions. The statute does not declare that the appointment shall be for any fixed period, but expressly provides that the appointee "may be removed at any time by the jailer." The case is ruled by City of Lexington v. Rennick, 105 Ky. 779, 49 S. W. 787, 50 S. W. 1106, 20 Ky. Law Rep. 1609, 1924.

In that case a number of police officers after discharge sued to recover balances claimed to be due them, covered by deductions in their salaries pursuant to an ordinance, on the ground that the city had no right to cut down their compensation as fixed by a previous ordinance for the whole time they had served. The statute governing the City of Lexington provided that the police might be removed at pleasure, with or without cause, by the board of police commissioners. It was accordingly held that the police officers had no fixed or definite term or tenure of office and that the prohibitions of Sections 161 and 235 of the Constitution, or of Section 3064 of the Statutes, of like character, did not apply to them. It was further held that since the men had accepted their reduced salaries until their discharge without having made any objection or setting up any claim that more was due them, they were estopped to claim money which they had elected not to ask for.

There are several subsequent cases drawing the same distinction between an officer named for a fixed tenure and an employee or officer named for an indefinite term or removal at pleasure. See Stewart v.

Kidd, 262 Ky. 90, 89 S. W. (2d) 861; Buechele v. Petty, 265 Ky. 321, 96 S. W. (2d) 1010, and cases cited therein. Those precedents and reasoning thereof are fully applicable to the case at bar, and the circuit court should have so decided.

The judgment is reversed.