R. L. GLASER, Appellee, v. CITY OF BURLINGTON, Appellant.

No. 45661.

January 20, 1942.

Rehearing Denied May 15, 1942.

McCash & Bookin and Hirsch, Riepe & Wright, for appellee.

Fred S. Holsteen, Robert T. Conrad, and Frederick M. Holsteen, for appellant.

Garfield, J.—Count I of plaintiff's petition, filed on March 30, 1939, states that on April 19, 1926, the council of defendant City adopted Ordinance 1457, quoted in the petition, fixing the salaries of its firemen at amounts therein set out. That on December 6, 1926, the council adopted Ordinance 1498 providing

a uniform allowance of not to exceed .$120 a year for each fireman, to be expended by the Superintendent of Public Safety for uniforms, caps, etc., under such rules as he shall deem consistent with the interest of the fire department, title to all articles purchased to remain in the City. That both Ordinances 1457 and 1498 remained in full force. That on January 1, 1933, plaintiff was appointed a fireman at the salary fixed by ordinance and served for five years. That for one year commencing April 1, 1934, defendant wrongfully deducted each month $16.25 from plaintiff's salary.

Plaintiff's petition further alleges that he was required, by the rules of the Civil Service Commission of defendant, to wear the prescribed uniform at all times. That the Superintendent of Public Safety undertook to abrogate Ordinance 1498 by arbitrarily refusing to provide the firemen with uniforms, who thereupon were forced to purchase them at their own expense. That to the extent that defendant City was relieved of its obligation to furnish uniforms under Ordinance 1498, it was unjustly enriched and is liable on quasi contract to repay the sums advanced by the firemen for uniforms. That from April 1, 1934, to December 1, 1937, plaintiff was forced to spend $100.14 for uniforms. That plaintiff filed written claim, which defendant rejected, for the amount of his salary deductions and the amount spent by him for uniforms.

The petition contains 25 additional counts on behalf of 25 fellow firemen, each substantially the same as Count I, but containing the additional allegation that the claims of the other firemen had been assigned in writing to plaintiff. The total of the salary claims is $4,950. The claims for uniforms total $2,904.22.

Defendant in its answer, after admitting the legal adoption of Ordinances 1457 and 1498, the service of plaintiff and his assignors as firemen, and the rules of the Civil Service Commission regarding firemen's uniforms, and denying all other allegations of the petition, pleaded as an affirmative defense that salaries of the firemen for the year commencing April 1, 1934, were reduced by Ordinance 1694, approved April 28, 1934. This ordinance, insofar as it has to do with the salaries of fire-

men, is set out in Division II of the answer. The material part reads substantially as follows:

"ORDINANCE No. 1694. An ordinance relating to finance, fixing compensation of officers, and making appropriations for proposed expenditures for the fiscal year commencing April 1, 1934.

"Whereas, An estimated budget of proposed expenditures for the fiscal year commencing April 1, 1934, has been published and set down for hearing, as required by Section 6218 of the Code, and no objections have been made or filed thereto. * * *

"Now, therefore, be it ordained by the city council of the city of Burlington: * * *

"Section 9. Fire Maintenance Fund. That it is hereby estimated that there will be available in the Fire Maintenance Fund for the fiscal year commencing April 1, 1934, * * * the total sum of $41,460.86, which will be used for the payment of items properly chargeable to said fund as follows, to wit: (a) Wages: Firemen (22) $26,615.00; [Other items of wages to the chief, assistant chief, and a few others are also listed, totaling $6,545.55]. (b) Miscellaneous: The balance in the Fire Maintenance Fund not appropriated for the purpose as set out in (a) above is hereby appropriated for miscellaneous expenditures in the sum of $8,300.31.

"*This ordinance shall be construed so that employees subject to the pension laws shall be allowed the monthly basis of salaries or wages paid in 1933,* but said present reduced amount shall be divided into twenty-four (24) installments payable on the 16th and 1st of each month. * * *

"Section 12. That the salaries, as set out in this ordinance be and they are hereby established as the salaries for the fiscal year commencing April 1, 1934." (Italics supplied.)

Ordinance 1694 makes no reference to either Ordinance 1457 or 1498. Plaintiff moved to strike Ordinance 1694 from defendant's answer because it did not legally revise or amend either the salary ordinance, 1457, or the uniform allowance ordinance by reason of its lack of compliance with section 5715, Code, 1939, which, so far as material here, reads as follows:

"No ordinance shall contain more than one subject, which shall be clearly expressed in its title. An ordinance revising or amending an ordinance or section thereof shall specifically repeal the ordinance or section amended or revised, and set forth in full the ordinance or section as amended or revised."

A further ground of the motion is that the italicized portion of the ordinance renders it inapplicable to plaintiff and his assignors, who were subject to the pension laws. Other portions of the answer which were stricken by the court pleaded estoppel and acquiescence on the part of the firemen. These will be dealt with later. The court sustained plaintiff's motion to strike Ordinance 1694. The ruling presents the first error assigned by appellant City.

■ I. Ordinance 1694, which appellant claims reduced the salaries, does not profess to repeal, revise or amend either of the ordinances, 1457 and 1498, upon which appellee relies. No attempt is made at compliance with the plain provisions of Code section 5715. The statute is mandatory and limits the power of a city to enact ordinances. Tones v. Independent Sch. Dist., 190 Iowa 244, 247, 180 N. W. 157. Appellant, while conceding the elementary rule that repeals by implication of ordinances, as well as statutes, are not favored, argues that section 5715 has no application because Ordinance 1694 is so repugnant to the salary ordinance, 1457, that the two cannot be reconciled. Appellant relies principally upon Des Moines v. Hillis, 55 Iowa 643, 647, 8 N. W. 638, which recognized repeal of an ordinance by implication by a later enactment "plainly inconsistent and repugnant therewith." The cited case was decided in 1881, under section 489, Code, 1873, before the enactment in its present form of Code section 5715 requiring that the amending or revising ordinance "shall specifically repeal the ordinance or section amended or revised".

Even assuming, without deciding, that implied repeals of ordinances are recognized notwithstanding section 5715, we think Ordinance 1694 is not so repugnant to 1457 as to work its repeal. No. 1694 has a definite time limit. By its own terms its operation is restricted to one year commencing April 1, 1934. It can scarcely be claimed to be more than an amendment or revision of the salary ordinance for that limited period.

Furthermore, the quoted italicized provision of 1694 purports to render the ordinance inapplicable to employees "subject to the pension laws", who are to "be allowed the monthly basis of salaries or wages paid in 1933". It would seem from the provisions of Code chapter 322 that appellee and his assignors were "employees subject to the pension laws" whose salaries, by the terms of Ordinance 1694, were to remain as in 1933. Appellant does not argue its version of the meaning of this exemption provision of 1694. In any event, the exemption of those subject to the pension laws renders the meaning of the ordinance uncertain and prevents any clear repugnancy between 1694 and the salary ordinance, 1457.

The above conclusions make it unnecessary that we determine whether Ordinance 1694 contains more than one subject, in violation of Code section 5715.

■ II. But, appellant argues, if No. 1694 is invalid as an ordinance, it is valid as a resolution. The contention is without merit. Appellant asserts, and appellee concedes, that when these salaries were fixed, it was not necessary to do so by ordinance. See Murphy v. Gilman, 204 Iowa 58, 61, 214 N. W. 679. (By an amendment to Code section 6519 by chapter 168, Acts of the Forty-eighth General Assembly, approved April 26, 1939, compensation of firemen must now be fixed by ordinance.) However, the salaries of the firemen were fixed, in the first instance, by an ordinance, No. 1457, and could not be changed by resolution. Mart & Son v. Grinnell, 194 Iowa 499, 503, 187 N. W. 471, and cases cited; Ryce v. Osage, 88 Iowa 558, 561, 562, 55 N. W. 532; 2 McQuillin on Municipal Corporations, 2d Ed., 348, section 548; 43 C. J. 564, section 889. It is not an avoidance of this rule that appellant might in the first instance have fixed the salaries by resolution.

For the above reasons we conclude that Ordinance 1694, in itself and considered apart from appellant's defenses of estoppel and acquiescence, did not comply with Code section 5715 and therefore did not change the salaries fixed by Ordinance 1457. Unless, therefore, the court erroneously struck from the answer the defenses about to be considered that appellee and his as-

signors are estopped from challenging No. 1694 and acquiesced therein, there was no error in striking it from the answer.

III. Appellant's answer alleges that Ordinance 1694 making appropriation for reduced pay of the firemen was adopted "in conformity with the wishes as expressed by the members of the Fire Department." The answer also contained substantially the following allegations which were stricken by the court:

"These reduced ,payments as made were ratified and acquiesced in by plaintiff and each of his assignors by voluntarily and without objection or protest: signing the payroll semimonthly for the reduced amount under the terms of said ordinance No. 1694, each time accepting defendant's check in payment for his semi-monthly wages, endorsing such checks, receiving money·thereon and appropriating same to his own use and benefit, so that they are each now estopped from having a lawful claim against defendant."

In support of his motion to strike these last allegations, appellee asserted that a public officer is entitled to the full compensation fixed by ordinance and that any agreement, express or implied, to accept less is void as against public policy. And where he accepts a smaller salary than that to which he is entitled he is not estopped to claim the difference.

Another division of the answer alleged that appellee and his assignors acquiesced in, assented to, and ratified the terms of Ordinance 1694 by voluntarily joining in the request from members of the fire department to the council not to reduce the number of firemen employed but to reduce the pay of each and by voluntarily remaining as firemen and accepting the reduced pay. These allegations were also stricken for reasons similar to those urged in attacking the defense of estoppel. We consider these last two rulings together.

These firemen are employees, not public officers. Murphy v. Gilman, 204 Iowa 58, 214 N. W. 679. Appellee, having contended they are employees subject to the pension laws, is in no position to claim they are officers. They have no definite tenure of office. It is conceded that the number of firemen em-

ployed could be reduced by the council at any time, or their compensation decreased by a valid ordinance. See Lyon v. Civil Service Commission, 203 Iowa 1203, 212 N. W. 579; Murphy v. Gilman, supra. Code section 5672, prohibiting a change in "the emoluments" of office during the term, has no application. This is not a case, like Bodenhofer v. Hogan, 142 Iowa 321, 120 N. W. 659, 134 Am. St. Rep. 418, 19 Ann. Cas. 1073, where someone without power to fix the salaries in question agreed on a reduction of pay with an officer presumably appointed for a fixed term. Here the allegation is that the firemen voluntarily united in requesting the council, who had power to act, for a reduction in pay to the end that they could all remain on the payroll, and that the amount appropriated for salaries by Ordinance 1694 was pursuant to such request.

This court will take judicial notice of economic conditions during the period in which the firemen were paid at a reduced rate, just as courts all over the country have done. Murphy v. Smith, 222 Iowa 780, 782, 269 N. W. 748; Priest v. Whitney L. & T. Co., 219 Iowa 1281, 1293, 261 N. W. 374. See cases cited infra. The Illinois Appellate Court declared in a somewhat similar situation, "it is a matter of common knowledge that during the same period practically all employees in the United States sustained reductions in their salaries * * *." People ex rel. Mulvey v. Chicago, 292 Ill. App. 589, 611, 12 N. E. 2d 13, 22. The ordinance recites the familiar fact that some of the city funds were "tied up" in closed banks and in trust certificates under "Senate File 111."

If it be true, as alleged in appellant's answer, that the City undertook by ordinance to reduce these salaries to the amount appropriated therefor pursuant to voluntary request from the firemen, who accepted the reduced pay voluntarily and without protest for the year in question, it would be unjust and inequitable to permit them to repudiate their agreement for the first time nearly five years after it was entered into. We think the allegations pleading estoppel and acquiescence were proper and the trial court erred in striking them from the answer. And since Ordinance 1694 was pleaded as a part of the defense of estoppel and was proper for that purpose, the court should not

have stricken it, even though for reasons above stated the ordinance in itself was insufficient as a defense. Among the authorities which support this holding are: Gamble v. Sacramento (1941), 43 Cal. App. 2d 200, 110 P. 2d 530; Barfield v. Atlanta (1936), 53 Ga. App. 861, 187 S. E. 407; Jones v. Winnebago County (1937), 288 Ill. App. 156, 5 N. E. 2d 862; Moody v. Duerson (1939), 280 Ky. 527, 133 S. W. 2d 712; Pratts v. Duluth (1939), 206 Minn. 557, 289 N. W. 788; Van Houghten v. Englewood (1940), 124 N. J. L. 425, 12 A. 2d 668; People ex rel. Bacon v. Board (1887), 105 N. Y. 180, 11 N. E. 391; State ex rel. Hess v. Akron (1937), 132 Ohio St. 305, 7 N. E. 2d 411, 56 Ohio App. 28, 10 N. E. 2d 1; Chandler v. Elgin (1929), 129 Or. 558, 278 P. 581; Werkman v. Westmoreland County (1937), 128 Pa. Super. Ct. 297, 194 A. 344; Steele v. Chattanooga (1935), 19 Tenn. App. 192, 84 S. W. 2d 590; Altenberg v. Superior (1938), 228 Wis. 272, 280 N. W. 342, 118 A. L. R. 1452. As having some bearing, see King v. Eldora, 220 Iowa 568, 261 N. W. 602; Harding v. Montgomery County, 55 Iowa 41, 7 N. W. 396.

In 2 McQuillin on Municipal Corporations, 2d Ed., 330–332, section 542, it is said:

"Moreover, the acceptance of a less sum [than that prescribed by law as compensation], without objection, and in full satisfaction of services rendered, has often been said to estop an officer or employee from claiming more. [Citing numerous cases.] Such an action is said to be equivalent to an executed agreement to receive a reduced salary. So, it has frequently been held that the agreement of an officer or employee, in time of economic depression or other emergency, to accept a deduction, or to donate or contribute part of his salary to the city, is valid, and is not against public policy, and precludes any recovery of the amount so deducted or contributed."

■ IV. In defense to appellee's claim for money expended for uniforms, appellant's answer alleged that the firemen were estopped because, knowing that the furnishing of uniforms had been suspended, they remained in service without protest, uniformed themselves without the supervision of the Superintendent

of Public Safety, and failed to furnish the City with an itemized statement of the claim. These allegations were stricken as insufficient to amount to an estoppel, and appellant assigns error. We are inclined to affirm the ruling.

Appellant argues earnestly that appellee has no cause of action against it on any theory of quasi contract, because of purchase of uniforms, citing Bruggeman v. Independent School District, 227 Iowa 661, 289 N. W. 5, and other cases. Appellee replies, and we think with reason, that his right of recovery on this branch of the case is not before us. Consequently we refrain from passing on it. The appeal is not from the overruling of a demurrer or motion to strike this part of appellee's claim from the petition.

The petition alleges that the Superintendent of Public Safety arbitrarily refused to provide uniforms and that the firemen were compelled so to do. The conduct of the firemen in remaining on the force with knowledge of this alleged wrongful act, purchasing their own uniforms and failing to furnish the City an itemized claim therefor, there being no allegation of any demand for such statement, we think insufficient to amount to estoppel. There are several points of distinction between this matter and the defenses discussed in Division III hereof. Here, there is no allegation that the council attempted to discontinue the uniform allowance nor that the firemen voluntarily requested or otherwise induced such action. Ordinance 1694 which appropriates a reduced amount for salaries does not purport, so far as the record shows, to lower the amount to be expended for uniforms, but appropriates $8,300.31 from the Fire Maintenance Fund for miscellaneous expenditures which might well include uniforms. Furthermore, Ordinance 1694 purports to be effective only for one year and the claim for uniforms covers a much longer period. Merely remaining in the department and purchasing required uniforms would not tend to support an estoppel to the same extent as voluntarily receipting the payroll on each pay day and accepting the reduced pay. There is no allegation of an executed agreement by the firemen to relieve the City from buying uniforms.

The ruling of the court in striking from the answer the

defense of estoppel and acquiescence to the claim for salary reduction is reversed. The striking of the defense of estoppel to the claim for money expended for uniforms is affirmed.—Reversed in part; affirmed in part.

BLISS, C. J., and STIGER, SAGER, OLIVER, MILLER, and WENNERSTRUM, JJ., concur.