R. W. KING, Appellant, v. CITY OF ELDORA, Appellee.

No. 42911:

JUNE 21, 1935.

REHEARING DENIED DECEMBER 19, 1935.

Mallory & Leming, for appellant.

Elvin J. Ryan, for appellee.

MITCHELL, J.—This is an action by R. W. King against the city of Eldora, praying that the court construe and determine the validity of a certain ordinance, to wit, No. 167, and that in addition thereto the city of Eldora be compelled to pay to him certain back salary which he alleged was due him.

This case was submitted upon an agreed statement of facts.

It appears that on the 14th day of May, 1934, H. W. Emeny was duly elected and qualified as mayor of the city of Eldora in Hardin county, Iowa, and that one of his official duties was to appoint a city marshal. He did appoint R. W. King, the appellant in this case, who accepted the appointment and qualified as marshal by filing his bond in the amount of $1,000, which was duly approved by the city council of Eldora.

At the time of the appointment of the said R. W. King as marshal, there existed in Eldora an ordinance, known as No. 167, chapter 93, which was as follows:

"Section 31 of Ordinance 118, the same being General Section 58 of Chapter 9 of the Revised Ordinances of the City of Eldora, Iowa, be, and the same is hereby repealed, and the following enacted or ordained as a substitute therefor: The City Marshal shall upon his appointment give a bond in the sum of one thousand dollars for the faithful discharge of his duties as marshal, which bond shall be submitted to the City Council for approval, and when approved, shall with his oath of office, be filed with the City Clerk. The Marshal shall receive as compensation for his services the sum of One Hundred Dollars per month."

On the 19th day of June, 1934, the city council of Eldora passed the following motion:

"Moved by Andrle and seconded by Smith that the salary of the City Marshal be and the same hereby fixed at the sum of Ninety & No/100 ($90.00) Dollars per Month, provided, however, that if legal proceedings are instituted prior to December 1st, 1934, and a decision rendered by a Court of competent jurisdiction to the effect that Ordinance No. 167 is valid, then and in that event the salary shall be One hundred & no/100

($100.00) Dollars per Month from the date of the appointment. However, if said Court shall declare said Ordinance invalid, then the salary shall be fixed at the sum of Ninety & no/100 ($90.00) Dollars per month from appointment during the entire term of office.''

It was also stipulated and agreed that during the time that R. W. King was city marshal, in addition to the salary he received, he at all times claimed and accepted the fees allowed by statute. That following the passage of the motion, King received a salary from the city of Eldora in the sum of ninety dollars per month.

The lower court denied the relief prayed for, and dismissed the petition. From this ruling, appellant has appealed to this court.

It is the contention of the appellee that Ordinance No. 167, which was the ordinance that fixed the salary at one hundred dollars per month, was invalid because the words ''in lieu of all other compensation'' were not inserted in the ordinance, and therefore does not comply with section 5670 of the 1931 Code, because it shows on its face that the ordinance does not attempt to fix the salary in lieu of fees as contemplated.

The question involved in this case pertains to the salary which the city of Eldora should pay to its city marshal. Section 5668 of the 1931 Code is as follows:

''5668. Fees of marshal and deputy. The marshal shall receive, in criminal cases arising under ordinances, the same fees as constables receive for similar services, payable from the treasury of the city or town; and in criminal cases arising under the state law, the same fees as constables receive for similar services, payable from the county treasury. In civil proceedings he shall receive the same fees as constables receive for similar services payable in the same way. The deputy marshal shall receive the same fees for services performed as the marshal.''

This section clearly provides that the city marshal shall receive certain fees which are intended as compensation for the services he renders. However, the legislature felt that there would be instances where the fees would not be satisfactory or fair compensation, and therefore, under section 5670 of the 1931 Code, it did permit cities and towns to provide for a salary in

lieu of all other compensation. Section 5670 of the 1931 Code is as follows:

"5670. Salaries in lieu of fees. It may be provided by ordinance that any city or town officer elected or appointed shall receive a salary in lieu of all other compensation; and in such case such officer shall not receive for his own use any fees or other compensation for his services as such officer, but shall collect the fees authorized by law or ordinance, and pay the same as collected, or as prescribed by ordinance, into the city or county treasury, as the case may be."

When the city of Eldora passed Ordinance No. 167, which fixed the salary of the city marshal at one hundred dollars per month, it complied with section 5670, and then at that point the statute takes hold of the matter and says that when the city has done this, the compensation thereby fixed is "in lieu of all other compensation." In other words, it was not necessary that the words "in lieu of all other compensation" be written into the city ordinance. The statute under which the city fixed the salary provided that in case the city saw fit to fix the salary, it was "in lieu of all other compensation." So when the city of Eldora fixed the salary of the marshal by ordinance at one hundred dollars per month, he was not entitled to any other compensation.

In the case at bar, the stipulation in the record shows that King not only received the salary, but claimed and took fees as city marshal. The appellant selected the equity forum in which to try his cause. Why he did this does not appear in the record. It is a well-known maxim of equity that "he who seeks equity must do equity." 10 R. C. L., pp. 392, 393. In the case at bar, the stipulation upon which this case was submitted shows that the appellant has at all times accepted and retained for his personal use the fees of his office, and he has at no time and does not now make any offer to return said fees. What these fees amounted to does not appear.

In the case of Fowler v. Dieleman, 192 Iowa 563, at page 567, 185 N. W. 79, 81, this court said:

"Plaintiff does not offer to account for the money paid him by defendant in part performance of this contract, but seeks, not only to rescind the contract [and retain this money], but to charge defendant with the rents and profits of the land during

the time he has been in possession thereof in addition. It would certainly be unjust to permit plaintiff, after having received a part of the purchase money, to put an end to the contract, upon the failure of defendant to pay the remainder, without offering to account to him for the money already paid. He who seeks the aid of a court of equity must himself do equity.''

In the case at bar, this city marshal sought the aid of a court of equity. He is retaining the fees to which he is not entitled. It would be unfair to permit him to do this and still force the city of Eldora to pay the amount provided for in the city ordinance, to wit, the sum of one hundred dollars. He was entitled to his salary of one hundred dollars, but that was ''in lieu of all other compensation.'' Since appellant has seen fit to retain these fees, equity will not step in, for ''he who seeks equity must do equity.''

Judgment and decree of the lower court must be, and it is hereby, affirmed.

ANDERSON, C. J., and ALBERT, KINTZINGER, POWERS, DONEGAN, RICHARDS, and HAMILTON, JJ., concur.