A. B. CLARK, Appellant, v. TOWN OF GOLDFIELD, Appellee.

No. 44132.

MARCH 15, 1938.

REHEARING DENIED JUNE 24, 1938.

Frank S. Lovrien and Philip C. Lovrien, for appellant.

Roy A. Henderson, for appellee.

RICHARDS, J.—In his petition plaintiff stated his cause of action substantially as follows: That in April, 1931, he entered the employ of defendant town in the capacity of marshal; that the ordinances of the town provided that the marshal should receive as compensation $50 per month and the fees of the office; that contrary to such ordinances defendant town failed and refused to pay plaintiff the full amount of such monthly salary and instead of paying plaintiff $50 has paid him the sum of only $27.50 per month; that there is due and owing plaintiff as unpaid salary the sum of $1,597.50; that no part of said $1,597.50 has been paid; for that amount the judgment was demanded. At the close of the testimony each party filed a motion for a directed verdict. In ruling on the two motions the court made a finding that, during the first four months of the five years of his

employment, plaintiff did not receive the full $60 per month that had been fixed by the town as his monthly compensation for serving in the dual capacities of marshal and water commissioner, the shortage being the sum of $45 for which amount with interest judgment was rendered in favor of plaintiff. Subject to such finding and judgment, plaintiff's motion was overruled and defendant's was sustained. Plaintiff has appealed.

Although plaintiff alleged that $1,597.50 of his salary had not been paid, it is undisputed that in each of the five successive annual contracts of employment plaintiff's compensation was fixed at $60 per month (for one or two years at $55 per month), this being the full monthly compensation for plaintiff's services in the two capacities of marshal and water commissioner. Excepting the $45, plaintiff has been paid by the town the full $60 or $55 of every month's agreed compensation during the five years that he served the town as such marshal and water commissioner. So the truth is that plaintiff received all of the $1,597.50, or whatever the amount may be that he claims, in full conformity with his contracts of employment, excepting the $45. Plaintiff says that nevertheless he has not been paid. This assertion he attempts to support by advancing a theory that he is entitled to recover as a result of an inferred or implied contract made by the town, other than and different from the contracts made annually when he was appointed and employed by the town for the ensuing year. That is, because at the end of each month the town issued to plaintiff two warrants, one on the general fund and one on the waterworks fund, the two warrants aggregating the monthly compensation of $60 or $55 as the case might be, and because the warrants on the general fund were usually for a less amount than $50, plaintiff says the town thereby interpreted the contracts of employment as fixing the monthly compensation of plaintiff as marshal at something less than the $50 per month salary fixed by the town ordinance, namely, at the varying amounts of the general warrants. Plaintiff says that such interpretation by the town changed the initial contracts that contemplated $50 per month as being the marshal's salary, and reduced such salary each month to the amount of the general warrant plaintiff received at the end of that month. Plaintiff says that such new contract created by such interpretation by the town of the original contracts was unlawful, being in contravention of section 5672, Code 1931.

Because such reduction in salary by the new contract was unlawful plaintiff claims that in this action he is entitled to recover an alleged balance of each month's salary. He claims this balance is the summation of the difference in amount between each general warrant and $50.

Without discussing whether it is competent for the purpose, the only evidence offered by plaintiff to support the proposition that the town interpreted the contracts in the manner mentioned is found in the varying amounts of the general warrants, these amounts being usually less than $50. From that fact it is quite obvious that the town council was handling their funds in a manner frowned upon by our statutes. But it does not appeal to us that solely from these acts of the council there is to be inferred anything more of intent or purpose than that they would overdraw the waterworks fund. Upon the record before us it is more reasonable to infer that the overdrawing of this fund was in fact a recognition of the then subsisting contracts of employment of plaintiff, and merely an expedient adopted to meet the obligations arising therefrom, than it would be to adopt plaintiff's theory that repudiation of the contracts was intended or should be inferred.

It may further be said that when annually plaintiff was appointed and employed he was bound to take notice of the limitations of power of the town's officers and to take notice that the town's ordinance fixed at $50 per month the compensation of marshal, one of the offices for which he was to receive the aggregate sum of $60 or $55 per month. King v. City of Eldora, 220 Iowa 568, 261 N. W. 602. Nor does plaintiff in argument question, but in fact affirms, that the provisions of this ordinance were part of each of the initial appointments and contracts of employment, and fixed the marshal's salary at $50 per month. With respect to these annual contracts it must be held that they remained effective, and continued to determine the amount of the marshal's salary, regardless of what the council attempted to do, because it was beyond the powers of the council to make any change with respect thereto during the respective terms of office. Section 5672, Code 1931; Ryce v. Osage, 88 Iowa 558, 55 N. W. 532. No contract possessing any validity appearing, excepting those of the annual employments, it must be held that it was the terms of these annual contracts, which established that $50 of each month's pay constituted marshal's

salary, that were being carried out and satisfied each month by the $60 or $55 payments. The plaintiff has shown no right to recover by reason of any other contract that has any semblance of validity. There is an affirmance.—Affirmed.

STIGER, C. J., and MITCHELL, SAGER, ANDERSON, HAMILTON, KINTZINGER, and DONEGAN, JJ., concur.